1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE A. GIPBSIN,

11              Plaintiff,               No. 2:  12-cv-0556 DAD P

12        vs.

13   SCOTT KERNAN, et al.,

14              Defendants.              ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding *pro se*.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18            Plaintiff requested an extension of time to file his application to proceed in forma

19   pauperis.  (See Dkt. No. 11.)  Good cause appearing, the motion will be granted, and plaintiff's

20   application to proceed in forma pauperis (Dkt. No. 12.) is deemed timely filed.  Plaintiff's in

21   forma pauperis application makes the showing required by 28 U.S.C. § 1915(a).  Accordingly,

22   plaintiff will be granted leave to proceed in forma pauperis.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1  the preceding month's income credited to plaintiff's prison trust account. These payments shall

2  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C.

4  § 1915(b)(2).

5          The court is also required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

7  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

10 U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis either in

11 law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

12 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim where it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless. See

14 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however in

15 artfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639,

16 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17                              I. MOTIONS TO SUPPLEMENT COMPLAINT

18          Petitioner alleges in his complaint that the defendants have neglected to treat his

19 psychiatric illness for approximately four years. Before screening the complaint, the court first

20 notes that plaintiff has filed numerous motions with the court to supplement his complaint. (See

21 Dkt. Nos. 15, 17, 20 & 27.) Through his motions to supplement plaintiff seeks to add several

22 defendants to his complaint that were previously unknown to him. Plaintiff has the right as a

23 matter of course to amend his complaint once before any responsive pleading has been served.

24 See Fed. R. Civ. P. 15(a). In this case, no responsive pleading has been served in this action.

25 Accordingly, plaintiff's motions to supplement the complaint will be denied as unnecessary and

26 plaintiff will be given thirty days in which to file an amended complaint.

2

1          Petitioner is advised that any amended complaint that he files will still have to be

2    screened.  In order to avoid dismissal for failure to state a claim, petitioner is also advised that a

3    complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic

4    recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-

5    57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported

6    by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

7    Furthermore, a claim upon which the court can grant relief has facial plausibility.  See Twombly,

8    550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that

9    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

10   alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon

11   which relief can be granted, the court must accept the allegations as true, see Erickson v. Pardus,

12   551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff.

13   See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

14         The court notes that the Civil Rights Act under which this action is filed provides

15   as follows:

16         Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the

17         deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at

18         law, suit in equity, or other proper proceeding for redress.

19   42 U.S.C. § 1983.  Petitioner is advised in any amended complaint he elects to file that the statute

20   requires that there be an actual connection or link between the actions of the defendants and the

21   deprivation alleged to have been suffered by plaintiff.  See Monell v. Dep't of Soc. Servs., 436

22   U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the

23   deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

24   participates in another's affirmative acts or omits to perform an act which he is legally required

25   to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740,

26   743 (9th Cir. 1978).

1    Furthermore, petitioner is advised that supervisory personnel are generally not

2    liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and,

3    therefore, when a named defendant holds a supervisorial position, the causal link between him

4    and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607

5    F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and

6    conclusory allegations concerning the involvement of official personnel in civil rights violations

7    are not sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8    In his amended complaint, plaintiff must allege facts demonstrating how the

9    conditions complained of have resulted in a deprivation of his Constitutional rights.  See Ellis v.

10   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the amended complaint must allege *in specific*

11   *terms* how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

12   unless there is some affirmative link or connection between a defendant's actions and the

13   claimed deprivation.  See Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14   1980); Johnson, 588 F.2d at 743.

15   Furthermore, plaintiff is advised that in filing his amended complaint, "[a]s a

16   general rule, the use of 'John Doe' to identify a defendant is not favored."  See Gillespie v.

17   Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  The court cannot order service of a complaint on

18   defendants not actually named in the complaint.  Thus, plaintiff should attempt to learn or

19   discover the identity of unnamed defendants.

20   Plaintiff is further informed that the court cannot refer to a prior pleading in order

21   to make his amended complaint complete.  Local Rule 220 requires that an amended complaint

22   be complete in itself without reference to any prior pleading.  This is because, as a general rule,

23   an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

24   (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

25   serves any function in the case.  Thus, in an amended complaint, as in the original complaint,

26   each claim and the involvement of each defendant must be sufficiently alleged.

4

1    In one of his motions to supplement his complaint, plaintiff requests to add a

2  claim against the United States government which, according to plaintiff, is "in violation of

3  illegal wire tapping, illegal surveillance, illegal recording and profiting off plaintiff ideas." (See

4  Dkt. No. 20 at p. 1.)  Plaintiff is advised that the court will not allow plaintiff to proceed in this

5  action against multiple defendants when his claims against those defendants are wholly

6  unrelated. See George v. Smith, 507 F.3d 605 (7th Cir. 2007).  Here, plaintiff's complaint

7  alleging that he was deprived of psychiatric care by prison officials is totally unrelated to any

8  proposed claim against the United States government as detailed above.

9                II.  MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

10    Plaintiff has also filed four motions seeking a temporary restraining order and/or

11  preliminary injunctive relief.  (See Dkt. Nos. 6, 18, 19 & 22.)  Plaintiff seeks similar relief in all

12  of these motions.  Specifically, plaintiff seeks to have the court order that he be placed in a state

13  mental hospital.

14    Injunctive relief is "an extraordinary remedy that may only be awarded upon a

15  clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council,

16  555 U.S. 7, 22 (2008).  "The proper legal standard for preliminary injunctive relief requires a

17  party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer

18  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

19  and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127

20  (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).  See also Ctr. for Food Safety v. Vilsack, 636

21  F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, plaintiffs must establish that irreparable harm is

22  likely, not just possible, in order to obtain a preliminary injunction.").  The Ninth Circuit has also

23  held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious

24  questions going to the merits were raised and the balance of hardships tips sharply in the

25  /////

26  /////

                                    5

1  plaintiff's favor."¹ <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134-35 (9th Cir. 2011)

2  (internal quotation marks and citation omitted).  In cases brought by prisoners involving

3  conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no

4  further than necessary to correct the harm the court finds requires preliminary relief, and be the

5  least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

6          Plaintiff alleges in his complaint that the defendants refused to treat him for his

7  mental illness from 2006 to 2010.  Plaintiff does state in his complaint that in March 2010 he

8  began to receive some psychiatric treatment.  (<u>See</u> Dkt. No. 1 at p. 6, 8.)  Accordingly, plaintiff

9  has failed to show that he will suffer irreparable injury if he is not transferred in light of the

10  treatment.  Furthermore, and perhaps more importantly, while plaintiff may disagree with the

11  type, amount or degree of mental and/or medical care he is currently receiving, his general

12  disagreement with the treatment he has received is not enough to establish deliberate

13  indifference.  <u>See</u> <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).  Accordingly,

14  plaintiff's motions for injunctive relief requiring that he be placed in a state mental hospital will

15  be denied.

16          III.  MOTIONS TO APPOINT COUNSEL

17          Finally, plaintiff has filed several motions for the appointment of counsel.  (<u>See</u>

18  Dkt. Nos. 2, 3, 21 & 25.)  The United States Supreme Court has ruled that district courts lack

19  authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>See</u> <u>Mallard v.</u>

20  <u>United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the

21  district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).

22  /////

23

24  ¹ The Ninth Circuit has found that this "serious question" version of the circuit's sliding
scale approach survives "when applied as apart of the four-element <u>Winter</u> test."  <u>Alliance for</u>

25  <u>Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134 (9th Cir. 2011).  "That is, 'serious questions going
to the merits' and a balance of hardships that tips sharply towards the plaintiff can support

26  issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood
of irreparable injury and that the injunction is in the public interest."  <u>Id.</u> at 1135.

1   See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d

2   1332, 1335-36 (9th Cir. 1990).

3          The test for exceptional circumstances requires the court to evaluate the plaintiff's

4   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

5   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

6   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

7   common to most prisoners, such as lack of legal education and limited law library access, do not

8   establish exceptional circumstances that would warrant a request for voluntary assistance of

9   counsel.  In the present case, the court does not find the required exceptional circumstances.

10  Thus, plaintiff's motions for the appointment of counsel will be denied.

11                              CONCLUSION

12          For the reasons set forth above, IT IS HEREBY ORDERED that:

13          1.  Plaintiff's request for an extension of time to file an application to proceed in

14  forma pauperis (Dkt. No. 11.) is GRANTED and plaintiff's motion to proceed in forma pauperis

15  (Dkt. No. 12.) is deemed timely;

16          2.  Plaintiff's application to proceed in forma pauperis (Dkt. No. 12.) is

17  GRANTED;

18          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  The fee shall be collected and paid in accordance with this court's order to the Director of the

20  California Department of Corrections and Rehabilitation filed concurrently herewith.

21          3.  Plaintiff's motions to supplement his complaint (Dkt. Nos. 15, 17, 20 & 27.)

22  are DENIED AS UNNECESSARY since plaintiff has the right to amend his complaint once

23  before a responsive pleading is served;

24          4.  Plaintiff is granted thirty days from the date of service of this order to file an

25  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

26  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

2  amended complaint in accordance with this order will result in the court screening plaintiff's

3  original complaint;

4      5.  Plaintiff's motions for preliminary injunctive relief and/or a temporary

5  restraining order (Dkt. Nos. 6, 18, 19 & 22.) are DENIED; and

6      6.  Plaintiff's motions for appointment of counsel (Dkt. No. 2, 3, 21 & 25.) are

7  DENIED.

8  DATED: October 29, 2012.

9

10

11

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12  DAD:dpw
   gipb0556.14a

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8