IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

    Plaintiff,     No. 2:12-cv-0556 DAD P

  vs.

SCOTT KERNAN, et al.,

    Defendants.     ORDER
_____/

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

## SCREENING REQUIREMENT

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

/////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

In plaintiff's amended complaint, he fails to specify who the named defendants are in this action. Plaintiff does allege that various government and prison officials refused to properly treat his mental health condition for several years. In this regard, plaintiff alleges that a Lassen County Superior Court judge believed he should have been housed in a state mental hospital, but that prison officials refused to transfer him to such an institution. As a result, plaintiff alleges he was forced to endure conditions at various state prisons where they did not provide him with adequate mental health treatment. (Am. Compl. at 1-8 & Attachs.)

**DISCUSSION**

The court will dismiss plaintiff's amended complaint because the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. See Fed. R. Civ. P. 8(a)(2). In the interests of justice, however, the court will grant plaintiff leave to file a second amended complaint. In any second amended complaint plaintiff elects to file, plaintiff should specify on the form complaint provided by the court who the defendants are in this case. In addition, as the court previously advised plaintiff, he must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and

must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.

As best as the court can understand, plaintiff's primary complaint appears to be that prison officials failed to transfer him to an institution where he could receive adequate mental health treatment. Plaintiff is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The "deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). To establish unconstitutional treatment of a mental health condition, "a prisoner must show deliberate indifference to a 'serious' medical need." Doty, 37 F.3d at 546 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)). A medical need is "serious if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059).

If plaintiff chooses to pursue this action by filing a second amended complaint, he must allege in specific terms how each defendant was involved in the deprivation of his rights. For example, he must specify who he sought mental health treatment from and why their treatment was inadequate and amounted to deliberate indifference. In this regard, if a particular

prison official(s) knew he needed a transfer to a state mental hospital but refused to transfer him, he should include such factual allegations in his second amended complaint. As the court previously advised plaintiff, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Plaintiff has filed several motions in this case, which the court will address in turn. Shortly after filing his amended complaint, he filed a motion to correct the amended complaint. In that motion, plaintiff lists places of employment he omitted for some of the defendants. As noted above, however, it is not clear from plaintiff's amended complaint who all of the defendants are in this case. Nor is it clear how each defendant was involved in the deprivation of plaintiff's rights. As such, the amended complaint will be dismissed, and plaintiff will have an opportunity to file a second amended complaint. If plaintiff elects to file a second amended complaint, he may include on the form complaint the name of each defendant and their place of employment. Under these circumstances, plaintiff's motion to correct the amended complaint will be denied as unnecessary.

In addition, plaintiff has filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff has also filed a motion for a status conference and a motion for a pretrial conference. As discussed above, plaintiff's amended complaint will be dismissed with leave to file a second amended complaint. As such, neither a status conference nor a pretrial conference are warranted at this time. Plaintiff is advised that the court will issue a discovery and scheduling order in this case at the appropriate time. No motion from plaintiff will be necessary.

Finally, plaintiff has filed a motion for a temporary restraining order. Plaintiff's motion is difficult to decipher. However, he appears to complain about being placed in administrative segregation after prison officials charged him with indecent exposure. Shortly after filing his motion, plaintiff was transferred to California State Prison, Sacramento. As such, plaintiff is no longer subject to the alleged conditions of which he complains. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, plaintiff's motion for a temporary restraining order is moot.

/////

# CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 32) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be on the form complaint provided with this order, must bear the docket number assigned to this case, and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice;

3. Plaintiff's motion to correct the amended complaint (Doc. No. 33) is denied as unnecessary;

4. Plaintiff's motion for appointment of counsel (Doc. No. 34) is denied;

5. Plaintiff's motion for a status conference and motion for a pretrial conference (Doc. Nos. 36 & 38) are denied;

6. Plaintiff's motion for a status update and clarification (Doc. No. 35) is granted; and

7. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: August 26, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gipb0556.14am