UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN, | No. 2:12-cv-0556 GEB DAD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

    On July 11, 2014, the court found that plaintiff's second amended complaint appeared to state a cognizable claim for relief and ordered plaintiff to complete and return the documents necessary to effect service of his complaint on the named defendants. In addition to submitting the required service documents, plaintiff has submitted additional documents that the court will disregard. For example, plaintiff has submitted two additional USM-285 forms for individuals who are not defendants in this action. The court will not serve plaintiff's complaint on individuals who have not been recognized as defendants in this case. In addition, plaintiff has submitted various documents from his prior state court proceedings. It is not clear why plaintiff has filed these documents in this court with his service documents, but they are not necessary or appropriate for service of process. Finally, plaintiff has filed several more subpoenas. As the

1

court previously advised plaintiff, after the defendants appear in this action and file an answer the court will issue a discovery and scheduling order.  At that time, plaintiff will have an opportunity to conduct discovery.  However, neither discovery requests served on an opposing party nor that party's responses should be filed with the court until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.

Plaintiff has also filed several motions and letters with the court.  First, plaintiff has filed a "motion for summons and complaint" or what appears to be a request for service of his complaint.  When plaintiff filed this request it appears that he did not have the benefit of the court's July 11, 2014 screening order, which ordered service of plaintiff's complaint on defendants.  In any event, plaintiff's "motion for a summons and complaint" is now moot.  Accordingly, the court will deny plaintiff's motion.

In addition, plaintiff has filed a motion for a court order allowing him to make copies of his complaint for service of process.  Plaintiff has since submitted the requisite copies for the court to order service of his complaint on defendants.  Accordingly, the court will deny this motion as moot as well, and by a separate order the court will direct the United States Marshal to serve plaintiff's second amended complaint on the named defendants.

Finally, plaintiff has requested appointment of counsel.  For the same reasons discussed in the court's July 11, 2014, screening order, which also denied plaintiff's prior request for appointment of counsel, the court finds that this case does not meet the exceptional circumstances test.  Accordingly, the court will deny plaintiff's motions for appointment of counsel.

In closing, the court observes that plaintiff has now filed an inordinate number of repetitive and unnecessary motions as well as various letters and documents in this case.  Plaintiff is strongly cautioned that improper and superfluous filings impede the progress of a case, and the court may impose restrictions on plaintiff's filings if he does not exercise appropriate restraint in the future.  See De Long v. Jennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)).  Although plaintiff is

proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of Court. Plaintiff's failure to obey court orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's two additional USM-285 forms for non-defendants in this action, which he submitted with his documents for service of process are disregarded;

2. Plaintiff's various documents from his prior state court proceedings, which he submitted with his documents for service of process are disregarded;

3. Plaintiff's subpoenas, which he submitted with his documents for service of process are disregarded;

4. Plaintiff's motion for a summons and complaint (Doc. No. 67) is denied as moot;

5. Plaintiff's motion for a court order (Doc. No. 70) is denied as moot; and

6. Plaintiff's motions for appointment of counsel (Doc. Nos. 67 & 72) are denied.

Dated: July 29, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gipb0556usm