UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN, | No. 2:12-cv-0556 GEB DAD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are several of plaintiff's motions. Below, the court will address each motion in turn.

     First, plaintiff has filed a motion to compel defendants to produce the correct name and address for defendant R. Gamez, Associate Chief Deputy Warden at High Desert State Prison at the time of the events alleged in plaintiff's complaint. On the same day that plaintiff filed his motion to compel, he also filed a USM-285 form for defendant Gamez and the other necessary service documents as previously ordered by this court. Based on the information plaintiff provided on the form USM-285 he submitted, this court ordered the United States Marshal to attempt service of defendant Gamez. Several months have passed since the court issued its service order. Accordingly, the court recently contacted the United States Marshal and learned that if the Marshal is unable to obtain a waiver of service from the California Department of

Corrections and Rehabilitation in the immediate future, the Marshal will pursue personal service with respect to this defendant. Under these circumstances, the court will deny plaintiff's motion to compel without prejudice. If the United States Marshal is unable to effect service on defendant R. Gamez and returns a waiver of service unexecuted, plaintiff may use the discovery process and/or renew his motion to compel at that time to determine this defendant's full name and whereabouts.

Plaintiff has also filed two motions for entry of default against defendants. These motions are without merit. Contrary to plaintiff's argument, all of the defendants who had been properly served at the time plaintiff filed his motions for entry of default have timely responded by filing a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 84, 85, 88 & 93) In this regard, the defendants have not "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Accordingly, the court will deny plaintiff's motions for entry of default.

Next, plaintiff has filed a motion for a status conference. Plaintiff is advised that this court typically does not hold status conferences in cases where a prisoner is proceeding pro se. See L.R. 240(c)(8). In terms of the status of this action, plaintiff is advised that once service of process is complete, the court will address defendants' pending motions to dismiss. If plaintiff's complaint survives the motions to dismiss, defendants will be required to file an answer to his complaint, and thereafter the court will issue a discovery and scheduling order for this matter. At this time, no status conference is warranted. Accordingly, the court will deny plaintiff's motion for a status conference.

Finally, plaintiff has filed a motion for summary judgment. Upon review of plaintiff's motion, the court observes that it is defective because it does not comply with Rule 56 of the Federal Rules of Civil Procedure or Local Rule 260(a). Rule 56(c)(1) requires a party to support his or her factual position by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

2

1  Fed. R. Civ. P. 56(c)(1).

2      Similarly, Local Rule 260(a) requires that a motion for summary judgment

> be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.

L.R. 260(a).

    In this case, plaintiff has not cited to specific parts of the record or evidence submitted in support of his purported statement of undisputed or stipulated facts.  In addition, in lieu of submitting an affidavit in support of his motion for summary judgment, plaintiff has submitted a copy of his second amended complaint with a cover sheet declaring that all of the statements made in his complaint are true and correct.  Plaintiff is advised that any affidavit he submits in support of a motion for summary judgment in the future must be based on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Any such affidavit may not be based purely on his belief.  See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995).  Finally, because plaintiff will bear the burden of proof at trial, in order to prevail on a motion for summary judgment in his favor plaintiff must affirmatively demonstrate that based upon the undisputed facts no reasonable trier of fact could find other than for him on the claim in question. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  It is not enough that the allegations of plaintiff's complaint appear to state a cognizable claim for relief against defendants for their involvement in the delay of his mental health treatment.

    Under these circumstances, the court will deny plaintiff's motion for summary judgment without prejudice to renewal after this court issues a discovery and scheduling order.  Any such renewed motion must lay out each separate statement of undisputed fact and cite to corresponding

/////
/////
/////
/////

evidence attached to the motion, which plaintiff believes demonstrates the absence of a genuine issue of material fact.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. No. 81) is denied without prejudice;

2. Plaintiff's motions for entry of default against defendants (Doc. Nos. 92 & 95) are denied;

3. Plaintiff's motion for a status conference (Doc. No. 99) is denied;

4. Plaintiff's motion for summary judgment (Doc. No. 100) is denied without prejudice to renewal after this court issues a discovery and scheduling order; and

5. Defendants' motion for a court order relieving them from having to respond to plaintiff's motion for summary judgment (Doc. No. 103) is denied as unnecessary.

Dated: March 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gipb.mtc

---

[1] Defendants have filed a motion for a court order relieving them from having to respond to plaintiff's motion for summary judgment until the court rules on defendants' pending motions to dismiss. In light of the court's denial of plaintiff's pending motion for summary judgment without prejudice, the court will also deny defendants' motion for relief as unnecessary.