UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN et al.,<br><br>    Defendants. | No. 2:12-cv-0556 GEB DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on defendants' motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition to the motions, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint. Therein, he alleges that the defendants failed to transfer him to mental health facility in a timely fashion pursuant to a Lassen County Superior Court order. According to the allegations of plaintiff's complaint and the exhibits attached thereto, a judge of the Lassen County Superior Court determined that plaintiff was not mentally competent to stand trial and ordered him committed to Atascadero State Hospital in 2007. Instead of transferring plaintiff to Atascadero State Hospital, however, defendants allegedly kept plaintiff in administrative segregation at High Desert State Prison and

1

then transferred him to Corcoran State Prison.  Plaintiff alleges that more than two years passed before prison officials eventually complied with the Lassen County Superior Court order and transferred him to the Salinas Valley Psychiatric Program in 2009.  (Sec. Am. Compl. at 1-9 & Attachs.)

**ANALYSIS**

Defendants have moved to dismiss plaintiff's complaint as barred by the applicable statute of limitations.  Specifically, defense counsel contends that plaintiff's cause of action accrued no later than March 1, 2007, requiring him to file this case by March 1, 2011, but plaintiff did not file his complaint until a year after the limitations period expired on March 1, 2012.  (Defs.' Mem. of P. & A. 2-7.)

For the reasons discussed below, the court finds defendants' argument unpersuasive and will recommend that defendants' motions to dismiss be denied.

I. Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S.

1  411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable
2  inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624
3  (9th Cir. 1981).

4  In general, pro se pleadings are held to a less stringent standard than those drafted by
5  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe
6  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
7  However, the court's liberal interpretation of a pro se complaint may not supply essential
8  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
9  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

10  The court may grant a motion to dismiss based on the statute of limitations "only if the
11  assertions in the complaint, read with the required liberality, would not permit the plaintiff to
12  prove that the statute was tolled."  Pisciotta v. Teledyne Industries, 91 F.3d 1326, 1331 (9th Cir.
13  1996).  See also Soliman v. Phillip Morris, Inc., 311 F.3d 966, 971 (9th Cir. 2002); Jablon v.
14  Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute [of
15  limitations] is apparent on the face of the complaint the defense may be raised by a motion to
16  dismiss.").

17  II.  Discussion

18  Section 1983 does not contain a specific statute of limitations.  Accordingly, federal courts
19  apply the forum state's statute of limitations for personal injury actions.  See Jones v. Blanas, 393
20  F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v.
21  Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Before 2003, California's statute of limitations for
22  personal injury actions was one year.  See Jones, 393 F.3d at 927.  Effective January 1, 2003,
23  however, in California that limitations became two years.  See id.; Cal. Civ. P. Code § 335.1.
24  Federal courts also apply the forum state's laws with respect to tolling of the statute of limitations
25  insofar as state law is not inconsistent with federal law.  Jones, 393 F.3d at 297.  Under California
26  law, the statute of limitations is tolled for up to two years where the cause of action accrues while
27  the plaintiff is in prison.  See Cal. Civ. P. Code § 352.1.

28  /////

Unlike as when determining the length of the statute of limitations or tolling thereof, federal courts apply federal law in determining when a § 1983 cause of action accrues. Under federal law, a § 1983 action accrues, and the statute of limitations begins to run, when the defendants' alleged wrongful act or omission causes damage(s). See Wallace v. Kato, 549 U.S. 384, 388 (2007). In this regard, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado, 370 F.3d at 955.

Here, the undersigned finds that the continuing violation doctrine brings plaintiff's initiation of this case well within the statute of limitations. In a prisoner civil rights action in which the plaintiff claimed deliberate indifference to his serious medical needs, another Magistrate Judge of this court explained that doctrine as follows:

> The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." O'Loghlin v. County of Orange, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to constitute a continuing violation.'" Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir.1989) (quoting Bruno v. Western Elec. Co., 829 F.2d 957, 961 (10th Cir. 1987)). However, the mere continuing impact from a past violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing Grimes v. City and County of San Francisco, 951 F.2d 236, 238–39 (9th Cir. 1991)).
>
> Although the Ninth Circuit has not applied the continuing violation doctrine to Eighth Amendment deliberate indifference claims, several other circuits have. See Heard v. Sheahan, 253 F.3d 316, 318 (7th Cir. 2001) (finding that continuous violation doctrine applied to defendants' deliberate indifference for the span of time that prison officials were aware of plaintiff's injury and allegedly refused to treat it); Lavellee v. Listi, 611 F.2d 1129, 1132 (5th Cir. 1980) ("[T]he [arrestee's] allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."); Neel v. Rehberg, 577 F.2d 262, 263–64 (5th Cir. 1978) (per curiam) (finding that where inmate alleged that jail officials failed to provide medical treatment over a three-month period, the continuous violation doctrine applied and the statute of limitations did not begin to run until the end of that period); see also Evans v. County of San Diego, No. 06 CV 0877 JM (RBB), 2008 WL 842459, at *12 (S.D. Cal. Mar. 27, 2008) (applying continuing violation doctrine to prisoner's Eighth Amendment medical treatment claim).

1  Martin v. Woodford, No. 1:08-cv-0415 LJO SKO PC, 2010 WL 2773235 at *4-*5 (E.D. Cal. July

2  13, 2010), adopted by 2010 WL 3853305 (E.D. Cal. Sept. 29, 2010), aff'd, Case No. 11015830,

3  2013 WL 29792 (9th Cir. Jan. 3, 2013).

4      District courts in the Ninth Circuit have consistently recognized the continuing violation

5  doctrine in prisoner civil rights cases.  See, e.g., Watson v. Sisto, No. 2:07-cv-01871 LKK KJN P,

6  2011 WL 533716 at *5 (E.D. Cal. Feb. 14, 2011) (applying continuing violation doctrine to

7  plaintiff's claim that the prison health system, as administered by doctors and staff, consistently

8  failed to provide adequate medical care for plaintiff's back condition); Evans v. County of San

9  Diego, No. 06 CV 0877 JM (RBB), 2008 WL 842459 at *12 (S.D. Cal. Mar. 27, 2008) (applying

10 the continuing violation doctrine to plaintiff's deliberate indifference claim because the claim was

11 not based on the original knee injury but rather on defendants' ongoing failure to treat the injury);

12 see also, e.g., MacGregor v. Dial, No. 2:13-cv-1883 JAM AC P, 2015 WL 1405492 at *9 (E.D.

13 Cal. Mar. 25, 2015) (finding that the continuing violation doctrine did not apply because the

14 plaintiff's allegations were based on discrete acts of deliberate indifference); Navarro v. Herndon,

15 No. 2:09-cv-1878 KJM KJN P, 2011 WL 3741351 at *8 (E.D. Cal. Aug. 24, 2011) (finding that

16 continuing violation doctrine did not apply because each mental health diagnosis and placement

17 was discrete with its own consequences), adopted in part and rejected in part on other grounds by

18 2011 WL 4578534 (E.D. Cal. Sept. 30, 2011).

19     In this case, plaintiff's claim is based on defendants' alleged failure to transfer him to a

20 mental health facility for proper mental health care for more than two years despite numerous

21 complaints from plaintiff and repeated inquiries and admonishments from the Lassen County

22 Superior Court.  (Sec. Am. Compl. at 7-8 & Attachs.)  In this regard, application of the continuing

23 violation doctrine is appropriate because plaintiff complains of a continual unlawful act.  See

24 Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) ("the Fourteenth Amendment Due Process

25 Clause requires states to provide civilly-committed persons with access to mental health treatment

26 that gives them a realistic opportunity to be cured and released.").  Under the continuing violation

27 doctrine, the statute of limitations for plaintiff's filing of the present action did not begin to run

28 until defendants transferred plaintiff to the Salinas Valley Psychiatric Program in May 2009.  See

Heard, 253 F.3d at 319 (cause of action accrues on the last day officials refused to treat inmate's medical condition or on the date he left the jail).  Plaintiff commenced this cause of action on March 1, 2012, and therefore, the case falls within the applicable statute of limitations as tolled by plaintiff's incarceration and is timely.

Accordingly, for all of the foregoing reasons, defendants' motions to dismiss based on the statute of limitations should be denied.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' motions to dismiss (Doc. Nos. 84, 85, 88, 93, 96, 101) be denied; and

2.  Defendants be directed to file an answer to plaintiff's second amended complaint within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 29, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gipb0556.57