UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

          Plaintiff,

    v.

SCOTT KERNAN, et al.,

          Defendants.

No.  2:12-cv-0556 GEB CKD P (TEMP)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court are several of plaintiff's motions, including his motion for summary judgment, motion for default judgment, motion for sanctions, motion for a pretrial conference, and motion for appointment of an investigator.  The court will address each of plaintiff's motions in turn.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint.  Therein, he alleges that the defendants failed to transfer him to a mental health facility in a timely fashion pursuant to a Lassen County Superior Court order.  According to the allegations of plaintiff's complaint and the exhibits attached thereto, a judge of the Lassen County Superior Court determined that plaintiff was not mentally competent to stand trial and ordered him committed to Atascadero State Hospital in 2007.  Instead of transferring plaintiff to Atascadero State Hospital, however,

1

1  defendants allegedly kept plaintiff in administrative segregation at High Desert State Prison and

2  then transferred him to Corcoran State Prison.  Plaintiff alleges that more than two years passed

3  before prison officials complied with the Lassen County Superior Court order and transferred him

4  to the Salinas Valley Psychiatric Program in 2009.  (Sec. Am. Compl. at 1-9 & Attachs.)

5       At screening, then-Magistrate Judge Dale A. Drozd determined that plaintiff's second

6  amended complaint stated a cognizable claim for relief against defendants Kernan, Ehle, Felker,

7  Wong, Peddacour, Gamez. Perez, Grannis, Zamora, Jackson, Wagner, Schmollinger, Grimes,

8  McCann, and Safi for their involvement in the delay of his mental health treatment in violation of

9  the Fourteenth Amendment.  (ECF No. 65)

10  **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

11       Plaintiff has filed a motion for summary judgment on the merits of his Fourteenth

12  Amendment claim.  (ECF No. 122)  In opposition to the motion, defense counsel requests that the

13  court deny plaintiff's motion without prejudice to give counsel time to complete discovery and

14  retain an expert psychiatrist to evaluate the mental health care plaintiff received from 2007 to

15  2009.  (ECF No. 126)

16       On December 14, 2015, this court issued a discovery and scheduling order in this case.

17  (ECF No. 130)  Pursuant to that order, the parties needed to complete discovery on or before

18  April 8, 2016.  (Id.)  Discovery is now closed, so presumably defense counsel has completed

19  discovery and retained any necessary experts.  Although there are some defects in form in

20  plaintiff's motion for summary judgment, the court will nevertheless order defendants to file a

21  new opposition to plaintiff's motion.  See Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)

22  ("We have, therefore, held consistently that courts should construe liberally motion papers and

23  pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly.").

24  Under the court's discovery and scheduling order, the parties must file any pretrial motions on or

25  before July 1, 2016.  The court will order defendants to file their opposition to plaintiff's motion

26  (or a cross-motion for summary judgment) by that date.  Once the parties have submitted all of

27  the necessary briefing, the court will issue findings and recommendations on plaintiff's motion

28  for summary judgment.

1          **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

2              Plaintiff has moved for default judgment against defendants Gamez, Grannis, and Grimes

3    because they have failed to respond to plaintiff's complaint.  (ECF No. 124)  First, with respect to

4    defendant Gamez, this defendant is not in default because he has never been served with

5    plaintiff's complaint, and therefore he is not required to respond to the complaint.  See Veeck v.

6    Commodity Enters., 487 F.2d 423, 425-26 (9th Cir. 1973).  Although the court has twice ordered

7    the United States Marshal to effect service of plaintiff's complaint on this defendant, the Marshal

8    has been unable to do so based on the information plaintiff has provided the court on form USM-

9    285.  (ECF Nos. 78 & 118)  Under these circumstances, the court finds that plaintiff cannot show

10   good cause for failure to effect service on defendant Gamez.  The court has provided plaintiff

11   with more than sufficient time to discover and provide to the court the correct address for this

12   defendant, but plaintiff has been unable to do so to date.  Accordingly, the court will deny

13   plaintiff's motion for default judgment with respect to defendant Gamez and will recommend

14   dismissal of this defendant pursuant to Rule 4(m).

15             With respect to defendant Grannis, on December 14, 2015, defendant Grannis filed an

16   answer to plaintiff's complaint.  (ECF No. 129)  According to his waiver of service of summons,

17   he needed to respond to plaintiff's complaint within sixty (60) days of July 15, 2015.  (ECF No.

18   131)  Defendant Grannis filed his answer three months past that date.  However, the court

19   declines to enter default judgment against this defendant.  Rule 55 of the Federal Rules of Civil

20   Procedure requires the court clerk to enter default against a party who "has failed to plead or

21   otherwise defend [.]"  Thereafter, the court may enter a default judgment against such a party if

22   the court concludes that certain factors favor entry of default judgment.  See Eitel v. McCool, 782

23   F.2d 1470, 1471-72 (9th Cir. 1986).  Those factors are:

24              (1) the possibility of prejudice to the plaintiff, (2) the merits of
                plaintiff's substantive claim, (3) the sufficiency of the complaint,
25              (4) the sum of money at stake in the action, (5) the possibility of a
                dispute concerning material facts, (6) whether the default was due
26              to excusable neglect, and (7) the strong policy underlying the
                Federal Rules of Civil Procedure favoring decisions on the merits.
27

28   Id.

1   In this case, defendant Grannis filed his answer late, but he has not failed to plead or

2   otherwise defend.  Moreover, even if the court construed defendant Grannis's late filing of his

3   answer as a failure to defend, the Eitel factors do not favor entry of default judgment against him.

4   Plaintiff has shown no prejudice from the late answer, and since defendant Grannis filed his

5   answer the defendant has indicated his intent to defend this action.  "Cases should be decided

6   upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  There is no

7   compelling reason not to allow the parties to litigate plaintiff's claim against defendant Grannis

8   on the merits.  Accordingly, the court will deny plaintiff's motion for default judgment against

9   defendant Grannis.

10   Finally, with respect to defendant Grimes, it appears that the United States Marshal

11   successfully effected service on defendant Grimes.  (ECF No. 110)  Defendant Grimes has not yet

12   appeared in this action, however.  Under these circumstances, the court will ask defense counsel

13   to clarify whether he represents defendant Grimes in this action.  If defense counsel only

14   represents the other named defendants, the court will request counsel's assistance and direct

15   counsel to make an informal inquiry as to whom, if anyone, represents defendant Grimes in this

16   action and report back to this court.  At this time, the court will not rule on plaintiff's motion for

17   default judgment against this defendant.

18                      **PLAINTIFF'S MOTION FOR SANCTIONS**

19   Plaintiff has filed a motion for sanctions for defendants' purported failure to respond to

20   his subpoena duces tecum.  (ECF No. 137)  Defendants have filed an opposition to the motion

21   and contend that there were several defects in plaintiff's subpoena addressed to defendants and

22   nonparties.  (ECF No. 140)  In addition, before their responses were due, plaintiff served

23   defendants with a request for production of documents, which counsel believed replaced the

24   defective subpoena plaintiff had served earlier.  (Id.)  Defendants maintain that their nonresponse

25   to plaintiff's subpoena was not in bad faith or with an improper motive.  (Id.)

26   As an initial matter, under Rule 26 of the Federal Rules of Civil Procedure:

27            Parties may obtain discovery regarding any non-privileged matter
              that is relevant to any party's claim or defense and proportional to
28            the needs of the case, considering the importance of the issues at

4

1   stake in the action, the amount in controversy, the parties' relative
    access to relevant information, the parties' resources, the
2   importance of the discovery in resolving the issues, and whether the
    burden or expense of the proposed discovery outweighs its likely
3   benefit.  Information within this scope of discovery need not be
    admissible in evidence to be discoverable.
4

5   Fed. R. Civ. P. 26(b).

6       In this case, the court has reviewed plaintiff's subpoena and it is, as defense counsel

7   contends, confusing and defective.  (ECF No. 140 (Carrasco Decl. Ex. 1.))  For example, plaintiff

8   commanded defendants and nonparties to appear at this federal courthouse and at California State

9   Prison, Sacramento.  (Id.)  He did not specify a certain time for them to appear.  (Id.)  Nor did

10  plaintiff specify what records or documents he sought from them.  (Id.)  Plaintiff also did not

11  serve the subpoena on any nonparties through the United States Marshal.  Finally, on February 4,

12  2016, plaintiff served all defendants (and this court) with a request for production documents,

13  which defense counsel interpreted as replacing plaintiff's defective subpoena.  (Id. (Carrasco

14  Decl. Ex. 2.))  On March 14, 2016, when defendants filed their opposition to plaintiff's motion

15  for sanctions, their response to plaintiff's request for production of documents was not yet due,

16  but defense counsel declared that defendants intended to serve plaintiff with a timely response.

17  (Id. (Carrasco Decl. at ¶ 7))

18      At most, it appears that defense counsel simply misunderstood plaintiff's discovery

19  requests.  Although defense counsel could have served plaintiff with objections to the subpoena

20  or sought to modify or quash the subpoena instead of disregarding it, under the circumstances of

21  this case, the court finds that sanctions against defendants are not warranted.  See Fed. R. Civ. P.

22  37(b)(2) (allowing the court to issue sanctions "where a party fails to obey an order to provide or

23  permit discovery").  Finally, the court notes that at this point, plaintiff does not appear to take any

24  issue with defendants' response to his request for production of documents.  Accordingly, the

25  court will deny plaintiff's motion for sanctions.

26              **PLAINTIFF'S MOTION FOR A PRETRIAL CONFERENCE**

27      Plaintiff has filed a motion for a pretrial conference.  (ECF No. 139)  Following

28  adjudication of the parties' dispositive motions, this court will issue a further scheduling order

5

1   that includes dates for the parties' pretrial statements, pretrial conference, and jury trial as

2   appropriate.  Neither party needs to file a motion for this purpose.  Accordingly, the court will

3   deny plaintiff's motion for a pretrial conference as unnecessary.

### PLAINTIFF'S MOTION FOR APPOINTMENT OF AN INVESTIGATOR

5        Plaintiff has filed a motion for appointment of an investigator to help him investigate his

6   claims.  (ECF No. 142)  Although the court granted plaintiff leave to proceed in forma pauperis,

7   "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when

8   authorized by Congress.'"  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United

9   States v. MacCollom, 426 U.S. 317, 321 (1976).  The expenditure of public funds for an

10  investigator is not authorized by the in forma pauperis statute or any other statute.  See 28 U.S.C.

11  § 1915.  Accordingly, the court will deny plaintiff's motion for appointment of an investigator.

### OTHER MATTERS

13       Plaintiff has filed a number of his discovery requests with the court.  (ECF Nos. 136 &

14  138)  As an initial matter, plaintiff should file neither his discovery requests nor defendants'

15  responses to his discovery requests, unless plaintiff is dissatisfied with defendants' responses to

16  his discovery requests, and he seeks relief from the court pursuant to the Federal Rules of Civil

17  Procedure.  In any case, as noted above, discovery is now closed.  The court will place plaintiff's

18  discovery requests in the case file and disregard them.  Plaintiff is cautioned that further filing of

19  discovery requests or responses, except when required by this court, may result in an order of

20  sanctions, including but not limited to a recommendation that this action be dismissed.

### CONCLUSION

22       In accordance with the above, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's motion for default judgment (ECF No. 124) is denied with respect to

24  defendants Gamez and Grannis.  With respect to defendant Grimes, within twenty-one days of the

25  date of this order, defense counsel shall clarify whether he represents this defendant in this action.

26  If defense counsel only represents the other named defendants, the court directs counsel to make

27  an informal inquiry as to whom, if anyone, represents defendant Grimes in this action and report

28  back to this court.

1       2.  Defendants shall file an opposition to plaintiff's motion for summary judgment (or a

2   cross-motion for summary judgment) on or before July 1, 2016.

3       3.  Plaintiff's motion for sanctions (ECF No. 137) is denied.

4       4.  Plaintiff's motion for a pretrial conference (ECF No. 139) is denied as unnecessary.

5       5.  Plaintiff's motion for appointment of an investigator (ECF No. 142) is denied.

6       6.  Plaintiff's discovery requests (ECF Nos. 136 & 138) are disregarded.

7       IT IS HEREBY RECOMMENDED that defendant Gamez be dismissed from this action.

8   See Fed. R. Civ. P. 4(m) and 41(b).

9       These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  May 31, 2016

18                                                   CAROLYN K. DELANEY

19                                                   UNITED STATES MAGISTRATE JUDGE

20

21

22

23  ec
    gipb0556.mots

24

25

26

27

28