UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | No. 2:12-cv-0556 GEB DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's three motions for injunctive relief filed June 17, October 20, and November 8, 2016. For the reasons set forth below, this court recommends denial of each motion.

**Background**

Plaintiff is proceeding on a second amended complaint. Therein, he alleges that the defendants failed to transfer him to a mental health facility in a timely fashion pursuant to a Lassen County Superior Court order. According to plaintiff's complaint and the attached exhibits, a Lassen County Superior Court judge determined that plaintiff was not mentally competent to stand trial and ordered him committed to Atascadero State Hospital in 2007. Instead of transferring plaintiff to Atascadero State Hospital, however, defendants allegedly kept plaintiff in administrative segregation at High Desert State Prison and then transferred him to Corcoran State Prison. Plaintiff alleges that

1

more than two years passed before prison officials complied with the Lassen County Superior Court order and transferred him to the Salinas Valley Psychiatric Program in 2009.  Plaintiff seeks declaratory relief, damages for the "psychological and mental shock and stress," and punitive damages.  (Sec. Am. Compl. (ECF No. 53.) at 1-9 and Attachs.)

At screening, the previously-assigned magistrate judge determined that plaintiff's second amended complaint stated a cognizable claim for relief against defendants Kernan, Ehle, Felker, Wong, Peddacour, Gamez, Perez, Grannis, Zamora, Jackson, Wagner, Schmollinger, Grimes, McCann, and Safi for their involvement in the delay of his mental health treatment in violation of the Fourteenth Amendment.  (ECF No. 65)

## Legal Standards for Injunctive Relief

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits

of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. The Ninth Circuit Court of Appeals recently considered the relationship between a request for preliminary injunctive relief and the underlying action. The court held that there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). That relationship is sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same character as that which may be granted finally.'" Id. (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

**Analysis**

**I.     Motion for Preliminary Injunction Re Meals**

In his motion filed June 17, 2016, plaintiff complains that the meals he is being served are neither appropriate to his religion nor healthy. (ECF No. 146.)   Plaintiff contends that his

religion requires vegetarian meals.  He states that while he has in the past been served a varied diet, he is now being served "strictly beans."  Petitioner claims the daily provision of beans violates a vegetarian nutrition memo, which was apparently provided to him by the prison's medical health care services.  (Id. at 1, 15-16.)   Plaintiff seeks the provision of nutritional meals and $100 per month to purchase health food items.  (Id. at 2.)

Plaintiff's request for preliminary injunctive relief should be denied because the relief he seeks is not a subject of his underlying suit.  The subject matter of plaintiff's request for an injunction is the meals he is served at California State Prison – Sacramento ("CSP-Sac"), where he is currently incarcerated.  However, the subject matter of plaintiff's second amended complaint is the delay in his mental health treatment caused by the failure of the defendants to transfer him from High Desert State Prison ("HDSP") to Atascadero State Hospital.  (See ECF No. 53 at 1.)  There is no nexus between the injunctive relief plaintiff seeks and the relief he seeks in his underlying complaint.  Therefore, plaintiff's motion is not cognizable in this case.  See Pacific Radiation Oncology, 810 F.3d at 636.

**II.     Motions for Injunctive Relief Re Dental Care**

In his motions filed October 20 and November 8, 2016, plaintiff claims he is suffering pain as the result of a dental procedure on October 14, 2016.  (ECF Nos. 158, 159.)   In his October 20 motion, plaintiff states that he seeks "to be placed in the United States Military Internal Affairs Custody."  (ECF No. 158 at 1.)  In his November 8 motion, plaintiff seeks an order requiring "defendants to cure the damaged and destroyed teeth," appointing an expert to "assess the matter," or placing him in protective custody.  (ECF No. 159 at 1.)

Plaintiff's October and November motions suffer the same problems as the June motion.  Plaintiff's request for assistance with his dental problems at CSP-Sac bears no relationship to the request in his underlying complaint for damages due to the delay in mental health treatment while he was at HDSP.  Again, this court will recommend denial of plaintiff's motions.

If plaintiff feels his diet or dental care at CSP-Sac amount to violations of his civil rights under 42 U.S.C. § 1983, he may seek relief through the grievance and appeal process at the

////

prison. Once all administrative remedies are exhausted, plaintiff can avail himself of the judicial process.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief filed June 17, October 10, and November 8, 2016 (ECF Nos. 146, 158, 159) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/gipb0556.tro