UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN, | No. 2:12-cv-0556 GEB DB |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the court is defendants' omnibus motion for judgment on the pleadings and motion for summary judgment. (ECF No. 148.)

    Plaintiff is proceeding on a second amended complaint. (ECF No. 53.) Therein, he alleges that the defendants' failure to transfer him to a mental health facility in a timely fashion pursuant to a Lassen County Superior Court order constituted deliberate indifference to a medical need in violation of plaintiff's Eighth Amendment rights. According to plaintiff's complaint and the attached exhibits, a Lassen County Superior Court judge determined that plaintiff was not mentally competent to stand trial and ordered him committed to Atascadero State Hospital in 2007. Instead of transferring plaintiff to Atascadero State Hospital, however, defendants allegedly kept plaintiff in administrative segregation at High Desert State Prison and then

transferred him to Corcoran State Prison.  Plaintiff alleges that more than two years passed before prison officials complied with the Lassen County Superior Court order and transferred him to the Salinas Valley Psychiatric Program in 2009.  Plaintiff seeks declaratory relief, damages for the "psychological and mental shock and stress," and punitive damages.  (ECF No. 53 at 1-9.)

At screening, the previously-assigned magistrate judge determined that plaintiff's second amended complaint stated a cognizable claim for relief against defendants Kernan, Ehle, Felker, Wong, Peddacour, Gamez, Perez, Grannis, Zamora, Jackson, Wagner, Schmollinger, Grimes, McCann, and Safi for their involvement in the delay of his mental health treatment in violation of the Fourteenth Amendment.  (ECF No. 65.)

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), as well as summary judgment under Federal Rule 56.  (ECF No. 148.)  Plaintiff opposes both forms of relief.  (ECF No. 154.)  Defendants filed a reply memorandum in support of their motion.  (ECF No. 155.)

For the reasons outlined below, defendants' motion for judgment on the pleadings is granted; however, plaintiff may have leave to amend his complaint one final time.  Consequently, defendants' motion for summary judgment is denied without prejudice subject to renewal if plaintiff files an adequate amended complaint.  Furthermore, plaintiff's previously-filed motion for summary judgment (ECF No. 122) is denied without prejudice subject to renewal.

I.      Factual Background

Plaintiff Clarence A. Gipbsin is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) who, at times relevant to this action, was housed at High Desert State Prison (HDSP) and the California State Prison-Corcoran (CSP-Corcoran).  (ECF No. 148-4 at 88-94.)

At relevant times, Defendants Kernan, Perez, Jackson, Peddicord, Wagner, Felker, Wong, and Ehle, were employees of the CDCR in the following positions: Kernan was Deputy Director of Adult Institutions from 2006 to 2007, Chief Deputy Secretary of Adult Operations from 2007 to 2008, and Undersecretary for Operations at CDCR from 2008 to 2011; Elke was Assistant Director of Internal Affairs; Felker was the Warden at HDSP; Perez and Peddacour were

1  Associate Wardens at HDSP; Wong was Assistant Warden at HDSP; Grannis was the Chief,
2  Inmate Appeals Branch; Zamora was Chief of Medical Appeals, and Jackson and Wagner were
3  the Appeals Coordinators at HDSP. (ECF No. 53 at 1-2.) At relevant times, Defendants
4  Schmollinger, McCann, and Safi, were employees of the California Department of State Hospitals
5  (DSH), formerly known as the Department of Mental Health, in the following positions:
6  Schmollinger was a Psychologist; McCann was responsible for the transportation of CDCR's
7  mental-health patients; and Safi, M.D., was a Senior Psychiatrist. (Id. at 2.)

8  On August 29, 1996, CDCR took custody of plaintiff, and he was housed at North Kern
9  State Prison and CSP–Corcoran, until May 2, 2001, when he was transferred to HDSP. (ECF No.
10 148-4 at 88-94.) In 2006, plaintiff was charged with battery of a non-confined person, a felony
11 violation of California Penal Code section 4501.5. (ECF Nos. 53 at 2; 148-4 at 107-09.)
12 Before the trial on the battery charge, a question arose concerning plaintiff's mental competency,
13 and the Lassen County Superior Court appointed Kent Caruso to conduct a psychological
14 examination of plaintiff under California Penal Code section 1368. (ECF Nos. 53 at 3; 148-4 at
15 110-11.) Caruso concluded that plaintiff was not competent to stand trial, but that he did not
16 necessarily require commitment to Atascadero State Hospital (ASH) or Napa State Hospital,
17 opining that referral to the mental health unit at HDSP could "accomplish the same thing." (ECF
18 Nos. 53 at 3; 148-4 at 112-18.)

19 Based on Caruso's report, the Lassen County Superior Court found plaintiff to be
20 mentally incompetent to stand trial, ordered plaintiff committed to ASH for a maximum term of
21 three years, and ordered HDSP's Warden to deliver plaintiff to ASH. (ECF No. 53 at 3-4; 148-4
22 at 119-22.) On January 20, 2007, the Case Records Manager at HDSP prepared and sent the
23 documents necessary for plaintiff's transfer to the Admissions Department at ASH. (ECF No.
24 148-4 at 135-38.) On May 1, 2007, having learned that plaintiff had not been transferred to ASH,
25 the Lassen County Superior Court issued a Transport Order, commanding HDSP's Warden to
26 immediately transfer plaintiff to ASH. (ECF No. 148-4 at 125-26.)

27 In response to the Transport Order, HDSP's Litigation Coordinator, Harold Wagner, sent
28 a letter to Judge Stephen Bradbury of the Lassen County Superior Court on May 4, 2007. (ECF

1  No. 148-4 at 127-28.) Wagner stated that he was informed by personnel at ASH that due to low
2  staffing levels, ASH was closed to intake and had a waiting list of more than 150 patients waiting
3  on admission. (Id.) Wagner also expressed to Judge Bradbury that ASH was the only facility
4  able to accept court-committed cases like plaintiff. (Id.)

5        On June 7, 2007, Lassen County Superior Court ordered HDSP's Warden to show cause
6  why he should not be held in contempt of the court for willful failure to obey the December 15,
7  2006 commitment order, and for the willful failure to obey the May 1, 2007 transport order.
8  (ECF No 148-4 at 131-32.) The Lassen County Superior Court found that HDSP's Warden,
9  Thomas Felker, was not in contempt for willful failure to comply with the December 15, 2006
10  and May 1, 2007 orders. (ECF No. 148-4 at 139-40.) By June 12, 2007, plaintiff was number
11  twenty-four on the waiting list for the Salinas Valley Psychiatric Program (SVPP). (Id. at 133-
12  34.) By October 15, 2008, plaintiff had moved to thirteenth place on the waitlist for SVPP. (Id.
13  at 141-42.)

14        On February 19, 2009, an Institutional Classification Committee at HDSP referred
15  plaintiff to a Classification Services Representative for an adverse transfer to the Security
16  Housing Unit (SHU) at CSP-Corcoran. (Id. at 97-98.) Plaintiff was received at that institution on
17  March 17, 2009. (Id. at 93.) Plaintiff was admitted to SVPP on May 12, 2009. (Id. at 94.) On
18  October 10, 2009, defendant Safi, then acting Senior Supervising Psychiatrist at SVPP, certified
19  that plaintiff was competent to stand trial. (Id. at 101-02.) On April 15, 2010, the Lassen County
20  Superior Court convicted plaintiff of the felony he was charged with in 2006, and sentenced him
21  to a prison term of two years. (Id. at 103-04.)

22  II.    <u>Motion for Judgment on the Pleadings Legal Standard and Analysis</u>

23        Defendants seek judgment on the pleadings pursuant to Federal Rule 12(c), asserting that
24  plaintiff's second amended complaint does not allege facts showing that any defendant personally
25  participated in, ratified, or acquiesced to, depriving plaintiff of any constitutional right.

26        A.    <u>Motion for Judgment on the Pleadings Legal Standard</u>

27        After the pleadings are closed, but within such time as not to delay the trial, any party may
28  move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the

1  pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's
2  pleadings. Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D.
3  Cal.1992). Any party may move for judgment on the pleadings after the pleadings are closed but
4  within such time as to not delay trial. Fed.R.Civ.P. 12(c).
5        The standard for evaluating a motion for judgment on the pleadings is essentially the same
6  as the standard applied to a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d
7  1188, 1192 (9th Cir. 1989). A motion for judgment on the pleadings should only be granted if,
8  accepting as true all material allegations contained in the nonmoving party's pleadings, the
9  moving party "'clearly establishes that no material issue of fact remains to be resolved and that he
10  [or she] is entitled to judgment as a matter of law.'" Doleman v. Meiji Mut. Life Ins. Co., 727
11  F.2d 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal
12  Practice and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,
13  896 F.2d 1542, 1550 (9th Cir. 1989).
14        Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to
15  dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]he pleading standard Rule 8
16  announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me
17  accusation." Id. (internal quotation marks and citations omitted). "Threadbare recitals of
18  elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.
19  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of
20  misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to
21  relief.'" Id. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). "While legal conclusions can provide
22  the framework of a complaint, they must be supported by factual allegations." Id.
23        Judgment on the pleadings is also proper when there is either a "lack of cognizable legal
24  theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v.
25  Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (in the context of a Rule 12(b)(6)
26  motion).
27        Courts have discretion to grant leave to amend in conjunction with motions made pursuant
28  to Rule 12(c). See Moran v. Peralta Cmty. Coll. Dist., 825 F. Supp. 891, 893 (N.D. Cal. 1993)

1  (citing <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir. 1979)); <u>Canam Steel Corp.
2  v. Mayo</u>, No. 2:09–cv–00672–MCE–KJM, 2009 WL 2868711, *2 (E.D. Cal. Aug. 28, 2009);
3  <u>Howard v. City of Ridgecrest</u>, No. 1:12–CV–1232 AWI JLT, 2013 WL 6635133, *2 (E.D. Cal.
4  Dec. 17, 2013); <u>Lonberg v. City of Riverside</u>, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004);
5  <u>Kennedy v. Kings Mosquito Abatement Dist.</u>, No. 1:12–cv–1458 AWI MJS, 2013 WL 1129202,
6  *3 (E.D. Cal. Mar. 18, 2013); <u>Carmen v. San Fransisco Unified School Dist.</u>, 982 F. Supp. 1396,
7  1401 (N.D. Cal. 1997).  Generally, leave to amend a complaint is denied only if it is clear that the
8  deficiencies of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight Sys.,
9  Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

10       B.    Motion for Judgment on the Pleadings Analysis

11  "Under the Eighth Amendment's standard of deliberate indifference, a person is liable for
12  denying a prisoner needed medical care only if the person 'knows of and disregards an excessive
13  risk to inmate health and safety.'"  <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1187 (9th Cir.
14  2002) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).  To prevail, plaintiff must show
15  both that his medical needs were objectively serious, and that defendants possessed a sufficiently
16  culpable state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 299 (1991); <u>McKinney v. Anderson</u>, 959
17  F.2d 853 (9th Cir. 1992) (on remand).  The prison official will be liable only if "the official
18  knows of and disregards an excessive risk to inmate health and safety; the official must both be
19  aware of facts from which the inference could be drawn that a substantial risk of serious harm
20  exists, and he must also draw the inference."  <u>Farmer</u>, 511 U.S. at 837.

21      In <u>Farmer</u>, the Supreme Court established a very demanding standard for deliberate
22  indifference.  It is not enough that a reasonable person would have known of the risk or that a
23  defendant should have known of the risk.  <u>Id.</u> at 842.  Rather, deliberate indifference is
24  established only where the defendant subjectively "knows of and disregards an excessive risk to
25  inmate health and safety."  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
26  citation omitted).  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or
27  possible medical need[.]"  <u>McGuckin</u>, 974 F.2d at 1060.
28  ////

Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly. To state a § 1983 claim, a plaintiff must "'allege with at least some degree of particularity **overt acts** which defendants engaged in'" that support the plaintiff's claim. Jones v. Comty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting Powell v. Workmen's Compensation Board, 327 F.2d 131, 137 (2d Cir. 1964)) (emphasis added). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Defendants contend that plaintiff's second amended complaint does not contain sufficient (or any) factual allegations concerning the overt acts that any particular defendant engaged in that was deliberately indifferent to plaintiff's mental health needs. (ECF No. 148-1 at 11-12.) The undersigned agrees; the core of plaintiff's complaint is steeped in vague legal conclusions about the actions of the named defendants without supporting factual allegations. While the second amended complaint establishes that defendants hold various roles with CDCR and that plaintiff was not transferred to a CDCR mental health facility in violation of a state court order, notably absent from the complaint are any factual allegations as to what each defendant actually did -- their "overt acts" or overt omissions -- to cause plaintiff to purportedly be deprived of adequate mental health treatment.

The court's review of the pleadings finds that the only "overt act" in the second amended complaint concerning defendants Kernan, Ehle, Wong, Peddicord, Perez, Grannis, Zamora, Jackson, and Wagner is that these defendants "ordered, authorized and approved plaintiff['s] transfer . . . to another prison non[]-medical facility[.]" (ECF No. 53 at 6.) This conclusory statement and listing the job descriptions of these particular defendants at the outset of the complaint (id. at 1-2) are the only factual allegations concerning these defendants. As noted

7

above, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

Plaintiff fails to state any facts that describe the specific role of the named or any act or omission by each defendant that could arguably be construed as causing the delayed transfer. Other than being employees of CDCR, it is not clear what each defendant actually did to deprive plaintiff of medical treatment. Plaintiff's statement that these individuals "ordered, authorized and approved plaintiff's transfer" to a non-medical facility vague and conclusory; to meet the federal pleading standard, plaintiff must specify the role that each individual played in interfering with plaintiff's allegedly necessary mental health treatment. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Here, plaintiff fails to allege how these particular individuals were the moving force behind the purported harm he suffered.

Concerning defendants Schmollinger, Grimes, McCann, and Safi (the defendants employed by ASH), plaintiff only alleges that they were deliberately indifferent for their "failure to summon medical care when there was a need for immediate medical care." (ECF No. 53 at 4.) This allegation is merely a statement of the law and amounts to nothing more than a vague legal conclusion. Such a threadbare allegation does nothing to put the defendants on notice as to the specific factual foundation to the claims against them. By not providing fact-based allegations as to what defendants specifically did or did not do, there can be no affirmative link between the defendants' actions and the alleged deprivations, and therefore, there can be no liability under § 1983. In the "absence of sufficient facts alleged under a cognizable legal theory[,]" judgment on the pleadings is appropriate. See Balistreri, 901 F.2d at 699.

In addition to not alleging sufficient facts concerning the overt acts or omissions of all defendants, plaintiff also does not sufficiently explain how allegations of noncompliance with a transfer order actually interfered with plaintiff's mental health needs. Again, the second amended complaint is vague and conclusory concerning this element of plaintiff's claim.

1 	Specifically, deliberate indifference may be manifested when officials "deny, delay or
2 intentionally interfere with medical treatment." Jett, 439 F.3d at 1096.  Plaintiff does not allege
3 that any particular medical treatment was denied, delayed or intentionally interfered with; rather
4 he alleges only that a court-ordered transfer to a particular facility did not occur.  While plaintiff
5 contends that the failure to transfer prevented him from receiving adequate mental health
6 treatment, this contention is merely a legal conclusion bereft of the necessary factual foundations.
7 	The second amended complaint's allegations give rise to an **inference** that failure to
8 transport plaintiff deprived him of necessary mental health treatment at that facility, but plaintiff
9 fails to allege what medical treatment he was not receiving.  Plaintiff merely equates deprivation
10 of a facility with deprivation of specific treatment.  This is a leap too far for the court to take.
11 Without allegations specifying the nature of plaintiff's medical needs, the circumstances that
12 made his need "immediate," or what specific treatment he was actually deprived of, plaintiff's
13 complaint is inadequate.
14 	In summation, plaintiff does not state specific facts which document that he has suffered
15 any injury from the delayed transfer; likewise, plaintiff fails to state any facts that describe the
16 role of the named defendants or any act or omission by each defendant that could arguably be
17 construed as causing the delayed transfer.  Therefore, defendants' motion for judgment on the
18 pleadings should be granted.
19 	C.	Leave to Amend
20 	Courts have discretion to grant leave to amend in conjunction with motions made pursuant
21 to Rule 12(c).  Moran, 825 F. Supp. at 893 (citing Amersbach, 598 F.2d at 1038).  When
22 dismissing a complaint, leave to amend should not be granted if doing so would be futile and the
23 deficiencies in the complaint could not be cured by amendment.  Reddy v. Litton Indus., 912 F.2d
24 291, 296 (9th Cir. 1990); Gomez v. Winslow, 177 F. Supp. 2d 977, 981 (C.D. Cal. 2001).
25 	Although a Rule 12(c) "motion may be helpful in disposing of cases in which there is no
26 substantive dispute that warrants the litigants and the court proceeding further, thereby easing
27 crowded trial dockets in the federal district courts, hasty or imprudent use of this summary
28 procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair

9

hearing on the merits of his or her claim or defense." 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D § 1368 (2007); see also Carrasco v. Fiore Enterprises, 985 F. Supp. 931, 934 (D. Ariz. 1997).

Rather than enter judgment in defendants' favor, the court, in its discretion, will dismiss the complaint with leave to amend. Generally, leave to amend a complaint is denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto, 957 F.2d at 658. In this instance, the structure of plaintiff's complaint infers that he may have a claim against some defendants at CDCR for the failure to transfer him to a mental health facility; however, the complaint is missing key factual allegations concerning the specific acts or omissions by each individual defendant, as well as specific allegations about the treatment that Plaintiff was purportedly denied. The court views these gaps in factual allegations as potentially curable. Therefore, plaintiff is granted to leave to file a third amended complaint within 30 days of this order.

If plaintiff chooses to amend the complaint, then plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo, 423 U.S. 362; May, 633 F.2d at 167; Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

If plaintiff chooses not to file a third amended complaint or if the third amended complaint remains inadequate, then this court will recommend that this case be dismissed with prejudice.

III.     Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that:

1.     Defendants' motion for judgment on the pleadings (ECF No. 148) is granted;

2.     Plaintiff has leave to amend his complaint one final time to address the deficiencies outlined above;

3.     Plaintiff's third amended complaint must be filed within 30 days of this order;

4.     If plaintiff fails to file a third amended complaint in the time specified or if the third amended complaint does not cure the above deficiencies, then the undersigned will recommend that this case be dismissed with prejudice;

5.     Defendants' motion for summary judgment (ECF No. 148) is denied without prejudice subject to renewal if plaintiff can adequately state a claim in the third amended complaint; and

6.     Plaintiff's motion for summary judgment (ECF No. 122) is denied without prejudice subject to renewal if plaintiff can adequately state a claim in the third amended complaint.

Dated:  December 19, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / gipb0556.mjp