UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>            Plaintiff,<br><br>      v.<br><br>SCOTT KERNAN, et al.,<br><br>            Defendants. | No. 2:12-cv-0556 GEB DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to transfer him to a mental health facility in violation of a state court order. In an order filed September 22, 2017, this court found plaintiff's third amended complaint stated potentially cognizable claims against all defendants. The defendants who have already appeared in this action were ordered to respond to the third amended complaint. With respect to the fifteen new defendants, the court ordered plaintiff to submit service documents within thirty days. (ECF No. 171.)

On September 29, 2017, plaintiff submitted service documents for just two of the new defendants, M. Ledesma and T. Murray. (See ECF No. 172.) Also on September 29, plaintiff filed a motion for an extension of time to submit the remaining service documents. (ECF No. 173.) The court finds good cause for an extension of time.

Plaintiff has also filed two motions for the appointment of counsel. In the first, plaintiff simply references his third amended complaint. (ECF No. 163.) In the second motion, plaintiff

attaches copies of health care services requests he has apparently submitted to the prison for health care supplies to care for a skin disease, to address dental problems, and regarding other health issues. (ECF No. 169.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Further, plaintiff is advised that if he has complaints about his current health care, they may not be raised in this case, which addresses only the delay in his transfer to a mental health facility.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 173) is granted;
2. Plaintiff is granted thirty days from the date of this order in which to submit the necessary documents for service;
3. Plaintiff's motions for the appointment of counsel (ECF Nos. 163, 169) are denied.

Dated: October 4, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/gipb0556.36usm

2