UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:12-cv-0556 GEB DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to transfer him to a mental health facility in a timely fashion pursuant to a Lassen County Superior Court order. Before the court is plaintiff's Motion for Special Medical Court Order. (ECF No. 177.) Plaintiff seeks injunctive relief requiring the prison to provide him dental care.

**LEGAL STANDARDS**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

1

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. The Ninth Circuit Court of Appeals recently considered the relationship between a request for preliminary injunctive relief and the underlying action. The court held that there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). That relationship is sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same character as that which may be granted finally.'" Id. (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

////

**ANALYSIS**

In his motion for a court order, plaintiff complains about dental care he has received and seeks a court order requiring the prison to schedule an appointment for him with an outside dental specialist. (ECF No. 177.) However, dental care is not the subject of plaintiff's pending action. In this case, plaintiff is alleging that a judge of the Lassen County Superior Court determined that plaintiff was not mentally competent to stand trial and ordered him committed to Atascadero State Hospital in 2007. Instead of transferring plaintiff to Atascadero State Hospital, however, defendants allegedly kept plaintiff in administrative segregation at High Desert State Prison and then transferred him to Corcoran State Prison. (Third Am. Compl. (ECF No. 164).)

Plaintiff has sought court orders in this case to address his dental care previously. Last year, the court denied those requests because plaintiff's motions bore no relationship to the allegations of his underlying complaint. (ECF Nos. 160, 161.) The same is true with respect to plaintiff's present motion. Plaintiff was advised then, and is advised again now, that if he feels his dental care amounts to a violation of his civil rights under 42 U.S.C. § 1983, he may seek relief through the grievance and appeal process at the prison. Once he has exhausted all of his administrative remedies, plaintiff may seek help from the courts by filing a new action regarding his dental care.

For these reasons, IT IS HEREBY RECOMMENDED that plaintiff's Motion for Special Medical Court Order (ECF No. 177) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

////
////
////
////

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/gipb0556.pi fr