UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN, | No. 2:12-cv-0556 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to transfer him to a mental health facility pursuant to a superior court order. Plaintiff is currently housed at California State Prison – Sacramento ("CSP-SAC"). Presently before the court is a motion to renew all pretrial motions (ECF No. 183), a motion to compel (ECF No. 207), and multiple motions for injunctive relief (ECF Nos. 206, 210, 213, 215). For the reasons set forth below the court will deny the motion to renew all pretrial motions and the motion to compel, and will recommend all motions for injunctive relief be denied.

**MOTION TO RENEW ALL PRETRIAL MOTIONS**

Plaintiff requests all previously filed pretrial motions be renewed, including all the exhibits in the Third Amended Complaint. (ECF No. 183.) Plaintiff then identifies, by name, the following motions: (1) motion for pre-trial statement; (2) motion for pre-trial conference; (3)

motion for settlement pretrial conference; and (4) motion for pretrial hearing.

The court will deny as premature the motion to renew all pretrial motions. Plaintiff may renew any motions related to trial should his claim survive summary judgment.

**MOTION TO COMPEL**

Plaintiff moves to compel defendants to respond to plaintiff's allegations that he is illegally confined. (ECF No. 207.) Plaintiff claims he is being imprisoned for a crime that did not occur and two attorneys resigned based on plaintiff's wrongful conviction. Plaintiff requests that the court order defendants to show plaintiff is legally confined. The legality of plaintiff's confinement is not at issue in this case, and a § 1983 action is not the proper vehicle in which to challenge the fact of plaintiff's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (A § 1983 action is not the proper remedy for a prisoner to challenge the fact or length of his custody). Accordingly, the court will deny plaintiff's motion to compel.

**MOTIONS FOR INJUNCTIVE RELIEF**

**I.     Background**

This case proceeds on plaintiff's third amended complaint (ECF No. 164) filed December 29, 2016 following the court's order granting defendants' motion for judgment on the pleadings. Plaintiff's claims involve his allegations that defendant violated his Eighth Amendment rights when they failed to comply with a court order committing him to Atascadero State Prison.

Since January 22, 2018, plaintiff has filed four motions for injunctive relief (ECF Nos. 206, 210, 213, 215) and several other documents labeled as letters, notices, or declarations (ECF Nos. 208, 209, 212, 216) regarding conditions at CSP-SAC. At issue in this suit are plaintiff's allegations that prison officials failed to comply with a superior court order to send him to Atascadero State Hospital and instead housed him at High Desert State Prison and Corcoran State Prison. (ECF No. 164.) All of plaintiff's recent filings detail plaintiff's grievances regarding his current conditions of confinement at CSP-SAC.

////
////
////

**II. Plaintiff's Motions**

The following are plaintiff's outstanding motions for injunctive relief:

- January 22, 2018 "MOTION FOR TEMPORARY RESTRAINING ORDER." Plaintiff lists complaints regarding his present housing situation and his reluctance to accept a cellmate. (ECF No. 206.) He requests a temporary restraining order transferring him to another EOP[1] facility. Plaintiff also requests sanctions against the CDCR Director and Associate Director for each of the rules violation he has received during the pendency of this action.

- January 29, 2018 "MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER." Plaintiff states he was removed from A-yard and moved back to B-yard and placed in a dirty cell. Plaintiff requested that the court conduct an inspection of the cell and the EOP building where plaintiff is housed. He also requested that the court ask all the EOP inmates questions regarding their housing conditions. (ECF No. 210 at 3.)

- March 5, 2018 "MOTION FOR TEMPORARY RESTRAINING ORDER." Plaintiff states that on February 28, 2018 or March 1, 2018 he was removed from administrative segregation by correctional officers. (ECF No. 213.) He states these officers put him on the ground, kneed plaintiff in the back of his head and his sides approximately eight times, then tied plaintiff down and took him to B-yard facility and refused to document his injuries. Plaintiff further claims he was placed in a cell that previously housed an inmate who was sent to the hospital to be treated for

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal. Code Regs., tit. 15, § 3040.1(d); Coleman v. Brown, 28 F. Supp. 3d 1068, 1075 (E.D. Cal. 2014).

tuberculosis. He states officers attempted to place him in a cell with an inmate who threatened to assault him. Plaintiff alleges he received food with tobacco spit in it. It is unclear what relief plaintiff seeks.

- March 14, 2018 "MOTION FOR TEMPORARY RESTRAINING ORDER." Plaintiff requests the court issue a temporary or permanent restraining order to stop ongoing abuses by CDCR officials. (ECF No. 215 at 1.) Plaintiff claims officers are putting pepper spray in his food, that officers placed him in an outdoor holding cell with his hands cuffed behind his back, and left him there overnight without food or water while it was raining. Plaintiff attached a notice of administrative segregation placement to his motion. (ECF No. 215 at 3.) The notice states plaintiff was placed in administrative segregation because he refused to return to his assigned cell, refused to exit a holding cell for twenty-two hours, and continuously refused assigned housing. (Id.) Plaintiff also filed a rules violation report stating that on February 28, 2018 he resisted officers attempting to escort him to a new housing assignment. (ECF No. 216 at 2.)

### III.     Legal Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10-cv-0227 GEB EFB, 2010 WL 406092, at 1-2 (E.D. Cal. Jan. 29, 2010).

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

4

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of the hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

which he is not designated as a party . . . .").[2]

**IV.    Analysis**

All of the pending motions for injunctive relief are based on plaintiff's complaints regarding his confinement at CSP-SAC. However, plaintiff's confinement at CSP-SAC is not the subject of this action. In this action, plaintiff alleges defendants failed to comply with a Lassen County Superior Court order to transfer him to Atascadero State Hospital.

The court has previously denied plaintiff's request for court orders related to his dental care at CSP-SAC. (See ECF Nos. 160, 161, 184.) The court denied those requests because they were unrelated to the allegations of plaintiff's underlying complaint. The same is true with respect to the present motions. It is improper for the court to grant the relief plaintiff seeks in these motions because it is unrelated to the allegations at issue in this case. See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying compliant itself.").

Plaintiff is again advised that if he feels his treatment amounts to a violation of his civil rights under 42 U.S.C. § 1983, he may seek relief through the grievance and appeal process at the prison. Once he has exhausted all of his administrative remedies, plaintiff may seek help from the courts by filing a new action regarding his conditions of confinement at CSP-SAC.

For the reasons set forth above the court will recommend that plaintiff's requests for injunctive relief be denied.

////

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

////

////

////

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to renew all pretrial motions (ECF No. 183) is denied without prejudice; and

2. Plaintiff's motion to compel (ECF No. 207) is denied.

IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive (ECF Nos. 206, 210, 213, 215) relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-Civil Rights/gipb0556.prelim.injs

7