UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:12-cv-0556 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to transfer him to a mental health facility in a timely fashion pursuant to an order from the Lassen County Superior Court in violation of his Eighth Amendment rights. In this order the court will address several motions filed by plaintiff as well as issues related to the initial appearance of several defendants in this action.

**I.     Motion for Scheduling Order**

Plaintiff requests "a scheduling order be issued in regards to status conferences, trial dates, pretrial dates, summary judgment decisions, and or settlement conference to move this case along." (ECF No. 228.) By order dated September 21, 2017, the undersigned found plaintiff's third amended complaint stated potentially cognizable claims against defendants Kernan, Ehle,

Felker, Wong, Peddacour, Gamez,[1] Perez, Grannis, Zamora, Jackson, Wagner, Schmollinger, Grimes, McCann, and Safi who were named in previous incarnations of the complaint. (ECF No. 171.) The court additionally found the third amended complaint stated potentially cognizable claims against fifteen additional defendants: Murray, Kelly, Krause, French, Boretz, Morrow, Sloan, William, St. Laurent, Wright, Norgaard, Lyons, Dahl, Ledesma, and Neal. (Id.)

Defendants Boretz, Ehle, Felker, French, Grannis, Jackson, Kelly, Kernan, Krause, Ledesma, Lyons, McCann, Morrow, Murray, Norgaard, Peddacour, Perez, Safi, Schmollinger, Sloan, St. Laurent, Wagner, William, Wright, and Zamora have filed a third amended answer to the third amended complaint. (ECF No. 240.)

Due to the appearance of several new defendants in this action for the first time the court will by separate order allow for additional discovery and extend the deadline for filing dispositive motions. Discovery will be reopened for the newly served defendants only. Additionally, the court will deny the pending motion for summary judgment (ECF Nos. 198, 204)[2] without prejudice to its renewal at the close of the amended pretrial motion deadline. Further, the court will deny as moot plaintiff's motion for scheduling order in light of the modification to the discovery schedule and pretrial motion deadline.

**II.     Service Unexecuted as to Defendant Neal**

Although the court has twice ordered the United States Marshal to effect service of plaintiff's complaint on defendant Neal (ECF Nos. 178, 224), the Marshal has been unable to do so based on the information plaintiff has provided the court on form USM-285. (See ECF No. 233.) Under these circumstances, the court finds that plaintiff cannot show good cause for failure to effect service on defendant Neal. The court has provided plaintiff with more than sufficient time to discover and provide to the court the correct address for this defendant, but plaintiff has

////

---

[1] Plaintiff was unable to show good cause for failure to effect service on Gamez and he was dismissed from this action. (See ECF No. 143 and 150.)

[2] Counsel for defendants filed a second motion for summary judgment (ECF No. 204) on behalf of defendant Krause (previously identified incorrectly as "Rause") stating he moved for summary judgment on the same basis as the other defendants in the motion filed December 18, 2017 (ECF No. 198).

been unable to do so to date. Accordingly, the court will recommend dismissal of this defendant pursuant to Rule 4(m).

### III. Motion for Status Conference and Settlement Conference

Plaintiff has requested the court hold a status conference and a settlement conference. (ECF No. 221.)

Plaintiff is advised that the court typically does not hold status conferences in cases where a prisoner is proceeding pro se. See L.R. 240(c)(8). In terms of the status of this action, plaintiff is advised that now that the all the defendants who have been properly served and have appeared in this action have filed an amended answer, the court will issue an amended discovery and scheduling order for this matter. At this time, no status conference is warranted. Accordingly, the court will deny plaintiff's requests for a status conference.

Plaintiff has also moved for a settlement conference. Plaintiff is advised that, unless both parties in this case request this court to conduct a settlement conference, this court will not order a court-supervised settlement conference until after it has ruled on any forthcoming dispositive motions. Accordingly, his motion for a settlement conference will be denied without prejudice.

### IV. Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. (ECF No. 222.) In support of his motion he argues the court should appoint counsel because he is indigent and proceeding in this action in forma pauperis.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff's only argument in support of his motion is that he is unable to afford counsel. However, circumstances common to most prisoners, such as the inability to afford counsel, does not warrant the appointment of voluntary counsel. Accordingly, the court will deny plaintiff's motion to appoint counsel without prejudice.

**V.     Motion for Sanctions**

Plaintiff moves for sanctions arguing he is entitled to payment from defendants under Federal Rule of Civil Procedure 37 for failure to obey court orders to transport him to Atascadero State Hospital ("ASH"). (ECF No. 234.) Defendants filed an opposition to plaintiff's motion in which they argue that plaintiff is not entitled to sanctions under Rule 37 and has failed to identify any conduct on the part of defendants that would be subject to sanction. (ECF No. 236.)

Plaintiff appears to believe he is entitled to sanctions under Rule 37 based on his underlying claim in this action, that defendants violated his rights by failing to comply with a court order to transfer him to ASH. Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with discovery rules or court orders enforcing them. Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983). However, plaintiff has not stated that defendants failed to comply with a discovery rule or a court order enforcing a discovery rule.

Plaintiff is not entitled to sanctions pursuant to Rule 37 based on his underlying claims in this action and has not specified any other basis for the imposition of sanctions. Accordingly, the court will deny plaintiff's motion for sanctions.

**VI.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that

1. Defendant's motion for summary judgment (ECF Nos. 198, 204) is denied without prejudice to its renewal at the close of the amended pretrial motion deadline;
2. Plaintiff's motion for a scheduling order (ECF No. 228) is denied as moot;

////

3. Plaintiff's motion for status conference and settlement conference (ECF No. 221) is denied;

4. Plaintiff's motion for counsel (ECF No. 222) is denied; and

5. Plaintiff's motion for sanctions is denied.

Further, IT IS HEREBY RECOMMENDED that defendant Neal be dismissed from this action without prejudice pursuant to Rule 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-Civil Rights/gipb0556.clean