UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN, | No. 2:12-cv-0556 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Presently before the court are plaintiff's motions requesting the appointment of counsel. (ECF Nos. 243, 246.) Plaintiff argues in support of his motions that the court should appoint counsel because he cannot afford counsel and he is entitled to counsel because he is an EOP[1] inmate receiving mental health treatment.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal. Code Regs., tit. 15 § 3040.1(d); Coleman v. Brown, 28 F. Supp. 3d 1068, 1075 (E.D. Cal. 2014).

1

1    The test for exceptional circumstances requires the court to evaluate the plaintiff's
2    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
3    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
4    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
5    common to most prisoners, such as lack of legal education and limited law library access, do not
6    establish exceptional circumstances that would warrant a request for voluntary assistance of
7    counsel.

8    Circumstances common to most prisoners, such as the inability to afford counsel, does not
9    warrant the appointment of voluntary counsel.  Mental impairment may be grounds for
10   appointment of counsel in certain situations, but the impairment must be an "incapacitating
11   mental disability" and the plaintiff "must present substantial evidence of incompetence." Meeks
12   v. Nunez, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017).  The
13   court must be able to find a nexus between the mental disorder and the plaintiff's ability to
14   articulate his claims.  See McElroy v. Cox, Civil No. 08-1221 JM (AJB), 2009 WL 4895360 at *3
15   (E.D. Cal. Dec. 11, 2009).

16   Here, plaintiff has alleged he suffers from mental illness, but has not submitted any
17   additional information to demonstrate how his mental impairment would impair his ability to
18   litigate this case.  Without more information regarding plaintiff's mental health issues and how
19   those issues relate to his ability to proceed with this action pro se, the court does not find the
20   required exceptional circumstances. Jones v. Kuppinger, No. 2:13-cv-0451 WBS AC P, 2015
21   WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners,
22   such as a deficient general education, lack of knowledge of the law, mental illness and disability,
23   do not in themselves establish exceptional circumstances warranting appointment of voluntary
24   civil counsel.").
25   ////
26   ////
27   ////
28   ////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF No. 243, 246) are denied.

Dated: January 9, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/gipb0556.31(6)