UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:12-cv-0556 KJM DB P<br><br><br><br>ORDER |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment by failing to timely transfer him to a state hospital. Presently before the court is plaintiff's motion to compel (ECF No. 249), defendants' opposition (ECF No. 252), and plaintiff's motion for settlement conference (ECF No. 254).

     By order dated December 13, 2018, the court amended the discovery schedule to allow additional time for discovery due to the appearance of several defendants for the first time in this action. (ECF No. 242.) The scope of discovery was limited to the newly added defendants. Plaintiff has now filed a motion to compel all the named defendants to respond to his request for a "deposition hearings" and his pretrial statement. (ECF No. 249.) Defendants argue the motion should be denied because plaintiff has failed to comply with Federal Rule of Civil Procedure 30.

     Plaintiff filed a document captioned "Request for Deposition Hearing," stating he wanted to depose every defendant at California State Prison, Sacramento on January 21, 2019. (ECF No.

1

248.) However, he did not state in this document the method for recording the testimony or indicate that he arranged for an officer to conduct the depositions. Plaintiff's in forma pauperis status does not entitle him to a waiver of any of the costs associated with a deposition. He must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Because plaintiff has not indicated that he has complied with Rule 30 his motion to compel will be denied.

Plaintiff has made a second request for a settlement conference. (ECF No. 254.) As plaintiff was previously advised, unless both parties in this case request the court to conduct a settlement conference, this court will not order a court-supervised settlement conference until it has ruled on any forthcoming dispositive motions. Defendants have not requested a settlement conference. Thus, plaintiff's motion for a settlement conference will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 249) is denied; and
2. Plaintiff's motion for settlement conference (ECF No. 254) is denied.

Dated: March 3, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/gipb0556.depo