UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

    Plaintiff,

v.

SCOTT KERNAN, et al.,

    Defendants.

No. 2:12-cv-0556 KJM DB P

ORDER

On January 29, 2019, this court adopted the magistrate judge's findings and recommendations and dismissed defendant Linda Neal from this action without prejudice under Rule 4(m). ECF No. 250. Plaintiff has filed a Motion for Reconsideration, requesting the court reconsider its order on the basis that plaintiff has located Linda Larsen, and plaintiff "seek[s] service on Linda Larsen." Mot., ECF No. 253, at 1. In the same motion, plaintiff requests leave to amend his complaint to add Linda Larsen, implying he mistakenly confused the original, dismissed defendant, Linda Neal, with Linda Larsen. *Id.* at 1. Defendants opposed the motion. ECF No. 259.

To the extent plaintiff is requesting the court reconsider its dismissal of defendant Neal, the motion for reconsideration is DENIED, as plaintiff does not present any new facts or arguments that were not considered in the previous order. *See* L.R. 230(j)(3) (party seeking reconsideration must: "set[ ] forth the material facts and circumstances surrounding [the] motion

1

. . . including: what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff's request to amend his complaint to add a new defendant is also DENIED. As defendants point out, plaintiff initiated this lawsuit on March 1, 2012, Compl., ECF No. 1, and has already amended his complaint twice. *See* Opp'n, ECF No. 259, at 2 (citing ECF No. 164). In the roughly seven years that this lawsuit has been pending, plaintiff has had ample time to discover the identity of the proposed new defendant, and he provides no explanation why he could not have substituted the correct defendant earlier in the case. Defendants also argue allowing plaintiff to add Larsen as a defendant this late in the litigation would result in undue delays in the litigation, including the need for Larsen to respond to the complaint and potentially the need to reopen discovery and extend the dispositive motion deadline. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.").

For the foregoing reasons, plaintiff's motion for reconsideration and request for leave to amend therein is DENIED.

IT IS SO ORDERED.

DATED: April 22, 2019.

_____
UNITED STATES DISTRICT JUDGE