UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:12-cv-0556 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights under the Eighth Amendment because they failed to transfer him to a mental health facility pursuant to an order of Lassen County Superior Court. Before the court is defendants' motion for summary judgment (ECF Nos. 263), plaintiff's opposition (ECF No. 266), and defendants' reply (ECF No. 269). For the reasons set forth below, the court grant defendants' motion for summary judgment.

**BACKGROUND**

**I.      Procedural Background**

This matter proceeds on plaintiff's third amended complaint. (ECF No. 164.) Plaintiff was given the opportunity to amend his complaint after defendants successfully brought a motion for judgment on the pleadings. (ECF Nos. 148, 162.) Thereafter, the court found plaintiff's third amended complaint stated a cognizable claim for deliberate indifference and ordered defendants

1 served. (ECF No. 171.) Defendants answered, and the case proceeded to discovery. Defendants filed a motion for summary judgment. (ECF No. 198.) However, it was denied without prejudice because some of the defendants newly identified in the third amended complaint had not yet been served. (ECF No. 241.)

Those defendants were served, and the court provided additional time for discovery related solely to those newly served defendants. (ECF No. 242.) Following the close of time for discovery, defendants filed the instant motion for summary judgment (ECF No. 263), plaintiff filed an opposition (ECF No. 266), and defendants filed a reply (ECF No. 269).

## II. Allegations in the Complaint

Plaintiff alleges a Lassen County Superior Court judge determined that plaintiff was not mentally competent to stand trial and ordered him committed to Atascadero State Hospital ("ASH") in 2007. (ECF No. 164 at 4.) Rather than transferring plaintiff to ASH, defendants allegedly kept plaintiff in administrative segregation at High Desert State Prison ("HDSP") and then transferred him to California State Prison-Corcoran ("CSP-COR"). (Id. at 5.) Plaintiff alleges more than two years passed before prison officials complied with the Lassen County Superior Court order and transferred him to the Salinas Valley Psychiatric Program in 2009.

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff filed a motion to compel simultaneously with his motion for summary judgment. (ECF No. 267.) Therein, plaintiff seeks to compel the prison law library to produce photocopies of exhibits. At the outset, the court notes that the time to file motions to compel expired approximately two months before the instant motion to compel was filed. (See ECF No. 242.) Additionally, in plaintiff's opposition he refers the court to the exhibits attached to his opposition to defendants' earlier filed summary judgment motion. (ECF No. 266 at 1.) The court has read and considered the exhibits attached to plaintiff's prior motion for summary judgment in resolving the instant motion. Therefore, the court finds it is not necessary to compel production of the photocopies. Accordingly, the court will deny the motion as untimely and moot.

////

////

2


# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue they are entitled to summary judgment because the undisputed facts show that plaintiff's mental health was adequately treated at each of the California Department of Corrections and Rehabilitation ("CDCR") institutions where he was incarcerated before his eventual transfer to a Department of State Hospital ("DSH") facility, no defendant had a culpable state of mind, and they are entitled to qualified immunity. (ECF No. 263.)

Plaintiff's arguments in opposition are somewhat difficult to discern. (See ECF No. 266.) He complains that defendants' arguments are the same as in their prior summary judgment motion and that they have failed to explain why he was not transferred. He further argues defendants ignored superior courts orders and argues that defendants have not correctly characterized his mental health diagnoses.

Defendants argue in their reply that plaintiff has not shown a mental health need to be at a DSH facility, he has not shown any defendants deliberately delayed his transfer, and that his opposition fails to comply with the Local Rules. (ECF No. 269.)

**I.   Legal Standards**

**A. Summary Judgment Standards under Rule 56**

Summary judgment is appropriate when the moving party "shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

////

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party typically may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Anderson, 477 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is not 'pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

1     "In evaluating the evidence to determine whether there is a genuine issue of fact," the
2  court draws "all reasonable inferences supported by the evidence in favor of the non-moving
3  party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citing
4  Guidroz—Brault v. Mo. Pac. R.R. Co., 254 F.3d 825, 829 (9th Cir. 2001)).  It is the opposing
5  party's obligation to produce a factual predicate from which the inference may be drawn. See
6  Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a
7  genuine issue, the opposing party "must do more than simply show that there is some
8  metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a
9  rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."
10 Matsushita, 475 U.S. at 586-87 (citation and internal quotation marks omitted).

**B.  Deliberate Indifference in Violation of the Eighth Amendment**

12     The Eighth Amendment to the United States Constitution imposes on the states an
13 obligation to provide for the basic human needs of prison inmates. Farmer v. Brennan, 511 U.S.
14 825, 832 (1994).  This obligation includes a requirement to provide access to adequate medical
15 and mental health care. Doty v. Cnty of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptwit v.
16 Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515
17 U.S. 472 (1995).  If the state fails to meet this obligation, "it transgresses the substantive limits on
18 state action set by the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 32 (1993).
19     Where a plaintiff claims there has been a failure to provide adequate medical or mental
20 health care, and the failure violated the Eighth Amendment, to succeed plaintiff must demonstrate
21 defendants acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S.
22 294, 297 (1991) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Doty, 37 F.3d at 546.
23 "[D]eliberate indifference to serious medical needs of prisoners constitutes unnecessary and
24 wanton infliction of pain, proscribed by the Eighth Amendment.  This is true whether the
25 indifference is manifested by prison doctors in their response to the prisoner's need or by prison
26 guards [or other prison officials] in intentionally denying or delaying access to medical care or
27 intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97,
28 104-05 (1976) (internal citations, punctuation marks, and quotation marks omitted).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id. This second prong is satisfied by showing "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

A medical need is said to be "serious" for Eighth Amendment purposes "if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997), (citation omitted).

The subjective component focuses on the official's state of mind and requires a showing of deliberate indifference. See Wilson, 501 U.S. at 299-304. A prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi, 391 F.3d at 1057 (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation marks omitted).

Deliberate indifference may be shown where prison officials or practitioners "deny, delay, or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); see also Estelle, 429 U.S. at 104-05 (finding that delays in providing medical care may show deliberate indifference). However, mere negligence in diagnosing or treating a medical condition, without more, does not constitute deliberate indifference. See Hunt v. Dental Dep't., 865 F.2d 198, 200 (9th Cir. 1989); see also Toguchi, 391 F.3d at 1058-60.

Finally, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff must demonstrate that defendants' response to his serious medical need was deliberately indifferent. Jett, 439 F.3d at 1096. This requires a showing that plaintiff suffered "harm caused by the indifference." Id. Where no harm results to a plaintiff from a defendant's actions, his Eighth Amendment claim fails. See White v. Kasawa, No. C 08-3781 SI, 2010 WL 986820, at *12 (N.D. Cal. Mar. 17, 2010).

## II. Material Facts

Defendants filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a). (ECF No. 263-2.) Plaintiff's filing in opposition to defendants' motion for summary judgment fails to comply with Local Rule 260(b). (ECF No. 266.) Rule 260(b) requires that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." However, in light of plaintiff's pro se status the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact in defendants' statement of undisputed facts.

The court is mindful of the Ninth Circuit's instruction that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition that have evidentiary support in the record will be considered. In light of plaintiff's pro se status, the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact asserted in the defendant's DSUF.

Plaintiff has not challenged, and nothing in the record contradicts, any of the facts relating to the timing of the events surrounding the evaluation, commitment, and plaintiff's eventual transfer, accordingly the facts surrounding these events shall be deemed admitted for purposes of the motion. Fed. R. Civ. P. 56(e)(1) ("If a party . . . fails to properly address another party's

assertion of facts as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.")  While the parties dispute a number of facts, the court's findings do not depend on any of those disputed facts.

### I.     Undisputed Facts

At all relevant times plaintiff was a state inmate confined at High Desert State Prison ("HDSP") or California State Prison, Corcoran ("CSP-Corcoran").  (Defendants Statement of Undisputed Facts ("DSUF") (ECF No. 263-2) at ¶ 1.)  In 2006, plaintiff was charged with battery of a non-confined person.  (DSUF at ¶ 7.)  Before trial on the charge, a question arose regarding plaintiff's mental competency.  (DSUF at ¶ 8.)  The Lassen County Superior Court appointed Dr. Kent Caruso, a Licensed Clinical Psychologist, to conduct a psychological examination of plaintiff under California Penal Code section 1368.  (Id.)

Dr. Caruso completed a psychological examination of plaintiff and concluded that while plaintiff understood the nature and consequences of the proceedings then pending against him, plaintiff was not capable of assisting his attorney in a rational manner.  (Pl.'s Compl. (ECF No. 164) at 44.)  On September 6, 2006, Dr. Caruso filed a report with his findings in Lassen County Superior Court.  (ECF No. 263-6 at 116.)  Dr. Caruso stated that plaintiff's case was not necessarily one that required plaintiff to be committed to a state hospital, and that plaintiff could attain competency through placement in the mental health unit at HDSP or referral to the medical facility in Vacaville.  (DSUF at ¶ 9; Pl.'s Compl. (ECF No. 164) at 44.)

Based on Dr. Caruso's report, the Lassen County Superior Court found plaintiff mentally incompetent to stand trial.  (DSUF at ¶ 10.)  By minute order dated December 15, 2007, the court ordered plaintiff committed to ASH for a maximum term of three years and ordered HDSP's warden to transfer plaintiff to ASH.  (Id.)  On January 20, 2007, the case records manager at HDSP prepared and sent the documents necessary for plaintiff's transfer to ASH.  (DSUF at ¶ 11.)  On May 1, 2007, having learned that plaintiff had not been transferred, the Lassen County Superior Court issued a transport order commanding HDSP's warden to immediately transfer plaintiff to ASH.  (DSUF at ¶ 13.)

////

After receiving the order, Harold Wagner, then HDSP's acting Litigation Coordinator, contacted ASH Case Records Analyst, Linda Larsen, regarding plaintiff's status. (DSUF at ¶ 14.) Larson stated ASH was not able to accept any inmates at that time, 150 patients including plaintiff, were on the wait list, and ASH was the only DSH facility able to accept court-committed cases like plaintiffs. (Id.) Lassen County Superior Court Judge Charles W. Hayden left a message for Wagner requesting an update on plaintiff's transfer to ASH. (DSUF at ¶ 15.) Wagner contacted Larsen who informed him plaintiff was on the waiting list for admission at the Salinas Valley Psychiatric Program ("SVPP"), a DSH satellite facility. (DSUF at ¶ 16.)

On June 7, 2007, Lassen County Superior Court ordered HDSP's warden to show cause why he should not be held in contempt of the court for willful failure to obey the December 15, 2006 commitment order, and for the willful failure to obey the May 1, 2007 transport order. (DSUF at ¶ 17.) The Lassen County Superior Court found that HDSP's warden, Thomas Felker, was not in contempt for willful failure to comply with the December 15, 2006 and May 1, 2007 orders. (DSUF at ¶ 18.)

On February 19, 2009, an Institutional Classification Committee at HDSP referred plaintiff to a Classification Services Representative for an adverse transfer to the Security Housing Unit (SHU) at CSP-COR. (DSUF at ¶ 19.) Plaintiff was received at CSP-Corcoran on March 17, 2009. (DSUF at ¶ 20.) On April 21, 2009, attorney representing plaintiff in a state habeas proceeding informed plaintiff that he appeared before a judge in Lassen County at a hearing to determine plaintiff's status and at that hearing "the state attorney" told him that "the Department of Mental Health" indicated plaintiff was at that time number four on the waiting list. (Pl's Compl. (ECF No. 164) at 34.)

On May 12, 2009, plaintiff was admitted to SVPP under a California Penal Code section 1370 commitment. (Pl's Compl (ECF No. 164) at 49.) On October 2, 2009, a Staff Psychologist at SVPP submitted a report stating based on her evaluation of plaintiff he was competent to stand trial. (DSUF at ¶ 22.)

////

////

**II.      Disputed Facts**

There is no dispute regarding the timing of the events relating to this action. The parties agree that the superior court ordered plaintiff committed on January 11, 2007 and that he was not transferred to a state hospital facility until May 12, 2009. (ECF No. 263-6 at 127; 143; ECF No. 266.) Plaintiff has not disputed the records produced by defendants indicating when he was transferred or the records regarding mental health treatment he received while he was incarcerated at HDSP and CSP-COR during the relevant time period.

While plaintiff claims his mental illness was not treated during the relevant time, he has produced no evidence to show he was being denied treatment. Defendants conversely have put forth evidence showing that plaintiff was offered mental health treatment while he was housed at HDSP and later at CSP-COR.

**ANALYSIS**

**I.      Objective Component – Serious Medical Need**

Defendants argue that the Lassen County court order directing that plaintiff be transferred to ASH does not show that plaintiff had a serious mental health need that required treatment at a state hospital. (ECF No. 263-1 at 16.)

The Eighth Amendment has an objective component and a subjective component. See Wilson, 501 U.S. at 298. The objective component turns on whether the deprivation of a particular medical need is "sufficiently serious." Id.; see also McGuckin, 974 F.2d at 1059. A medical need is said to be "serious" for Eighth Amendment purposes "if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." McGuckin, 974 F.3d at 1059 (citation omitted).

The court notes that a determination that plaintiff is not competent to stand trial pursuant to California law is distinguishable from a prison official's determination that an inmate requires mental health treatment. *Compare* Henslee v. Lizarraga, 2017 WL 4773302 at *5 (indicating the purpose of California Penal Code §§ 1367-76 is for assessment and restoration of criminal defendant's mental competence to stand trial) *with* Coleman v. Brown, 28 F. Supp. 3d 1068, 1074-75 FN9 (E.D. Cal. Apr. 11, 2014) (outlining criteria for participation in CDCR's Mental

10

Health Services Delivery System). Additionally, Dr. Caruso's report stated that plaintiff's delusional thinking, prevented him from effectively participating in his criminal defense, but was not necessarily a mental health issue that required treatment in a mental health facility. (See ECF No. 263-6 at 120-21.) However, courts have found an inmate exhibiting symptoms of psychosis has established a serious medical need for purposes of the objective prong of a deliberate indifference claim. See Atencio v. Arpaio, 161 F. Supp. 3d 789, 811 (D. Ariz. 2015); see also Coleman v. Wilson, 912 F. Supp. 1282, 1321 (E.D. Cal. 1995) (defendants exhibited deliberate indifference to inmates' psychotic condition by placing them in segregated housing).

Accordingly, for purposes of resolving the instant summary judgment motion, the court finds that plaintiff's incompetency constitutes a serious medical need because Dr. Caruso concluded that plaintiff required intervention to regain competency. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) ("Examples of serious medical needs include the existence of an injury that a reasonable doctor or patient would find important or worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.") (alteration in original) (citation and quotation mark omitted).

**II.     Subjective Component – Deliberate Indifference**

Defendants have also argued that they lacked the requisite state of mind to show that they were deliberately indifferent to plaintiff's serious medical need. (ECF No. 263-1 at 16-17.)

The subjective component focuses on the official's state of mind and requires a showing of deliberate indifference. See Wilson, 501 U.S. at 299-304. A prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi, 391 F.3d at 1057 (quoting Gibson, 290 F.3d at 1187 (internal quotation marks omitted)). Delay of medical treatment can only amount to deliberate indifference if the delay led to harm or further injury. McGuckin, 974 at 1060; Hallet v. Morgan, 296 F.3d 732, 745-48 (9th Cir. 2002) (holding that prison's mental health services met the prisoners basic mental health needs); Doty, 37 F.3d at 546 (requirements for constitutionally adequate mental health care are the same as those for physical health care needs).

In support of their argument, defendants have put forth evidence showing that the delay in transferring plaintiff to a DSH facility was due to a lack of bed space at such a facility. (Decl. of Felker (ECF No. 263-6) at 137-139.) Defendants also provided evidence showing that mental health treatment was offered to plaintiff while he awaited transfer to a DSH facility. (DSUF (ECF No. 263-2) ¶¶ 38-45; Decl. of Lindgren (ECF No. 263-6) at 146-47.)

Defendants have additionally produced an expert declaration, stating that due to the nature of plaintiff's delusional disorder he was not harmed by the delay. (See Decl. of Dr. Lindgren (ECF No. 263-6) at 146-47, stating plaintiff did not suffer harm from the mental health care he received while awaiting transfer to a DSH facility.) Plaintiff has not provided evidence disputing the expert declaration. Rather, he argues that he was harmed because he remained in prison where he was subject to abuse from correctional officers and received rules violation reports. (ECF No. 266 at 4.)

In order to survive summary judgment on his deliberate indifference claim, plaintiff must present some evidence tending to show that the harm he suffered was caused by the delay in treatment. Jett, 439 F.3d at 1096. Plaintiff does not argue that his mental health condition was harmed by the delay nor has he produced any evidence tending to show that his mental health was harmed by the delay. The court finds that there is no genuine dispute of a material fact regarding whether plaintiff was harmed by the delay in treatment. Accordingly, the court will recommend that defendants' motion for summary judgment be granted.

## CONCLUSION

For the reasons set forth above, the court finds there are no genuine issues of material fact regarding plaintiff's Eighth Amendment claim and defendants' motion for summary judgment should be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 267) is denied as moot and untimely.

////

////

////

1  IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF
2  No. 263) be granted.
3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
8  objections shall be served and filed within fourteen days after service of the objections.  The
9  parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 Dated:  December 30, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-Civil Rights/gipb0556.msj