1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CLARENCE A. GIPBSIN,                         No.  2:12-cv-0556 KJM DB P

11                    Plaintiff,

12          v.                                    ORDER

13   SCOTT KERNAN, et al.,

14                    Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

17   action under 42 U.S.C. § 1983.  Plaintiff claims defendants violated his rights under the Eighth

18   Amendment by failing to timely transfer him to a state hospital.  Presently before the court are

19   plaintiff's motions requesting the appointment of counsel (ECF Nos. 278, 281, 285, 287, 291) and

20   motions seeking miscellaneous relief (ECF Nos. 278, 282, 283, 290).

21   **I.       Motions Seeking the Appointment of Counsel**

22           **A.  Plaintiff's Motions**

23          In support of his motions to appoint counsel plaintiff argues that his vision is declining,

24   and he has been prescribed glasses.  (ECF No. 278.)  He also indicates that counsel should be

25   Appointed because he is pursuing a motion pursuant to California Senate Bill 1437[1] in state court

26   _____

27   [1] California Senate Bill 1437 changed the liability for felony murder and allows individuals
     convicted under the prior standard to petition the court that sentenced them to vacate the murder
28   conviction and be resentenced on the remaining counts.  Davis v. Munoz, No. 5:19-cv-0329 JAK
     SHK, 2019 WL 2424540, *4 (May 2, 2019); Cal. Penal Code § 1170.95.

                                                   1

1   and he will be released soon.  (ECF Nos. 278, 281, 287.)  Plaintiff also alleges that he cannot

2   afford counsel (ECF No. 291), has encountered issues obtaining writing supplies, and he is not

3   receiving his mail (ECF No. 285).

4         **B.  Legal Standards**

5         The United States Supreme Court has ruled that district courts lack authority to require

6   counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490

7   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

8   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d

9   1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

10        The test for exceptional circumstances requires the court to evaluate the plaintiff's

11  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

12  light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

13  1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

14  common to most prisoners, such as lack of legal education and limited law library access, do not

15  establish exceptional circumstances that would warrant a request for voluntary assistance of

16  counsel.

17        In the present case, the court does not find the required exceptional circumstances.

18  Among the reasons cited, plaintiff's need for glasses and the COVID-19 pandemic are nothing

19  more than circumstances common to most inmates are not grounds for the appointment of

20  counsel.

21        **C.  Analysis**

22        In order to appoint counsel, the court must evaluate plaintiff's likelihood of success on the

23  merits.  Because the undersigned has issued findings and recommendations currently with the

24  instant order recommending that summary judgment be granted in favor of defendants, the court

25  finds that plaintiff does not have a likelihood of success on the merits.  Accordingly, the court

26  will deny the motions to appoint counsel.

27  ////

28  ////

## II.       Motions Seeking Miscellaneous Relief

Plaintiff's various motions often contain complaints regarding his current conditions of confinement.  For example, plaintiff states he has not received packages and he has filed a health care grievance regarding dental issues.  Plaintiff is advised that those issues are unrelated to his underlying claim in this action.  Therefore, the court cannot grant relief based on current issues in this unrelated civil rights action.  If plaintiff feels that his current conditions of confinement violate his constitutional rights, he may file a separate § 1983 claim after exhausting administrative remedies.

### A.  Motion for Federal Investigation

Plaintiff alleges he can show that correctional officers let inmates get hurt on the yard without pressing their alarm and officers allow inmates to go into other inmates' cells.  (ECF No. 282.)  He also claims he has seen inmates with drugs and weapons.  Plaintiff seeks a federal investigation into his allegations.  However, these allegations do not relate to plaintiff's underlying claim in this action.  Therefore, the court will deny plaintiff's motion.

### B.  Motion for Clarification of Scheduling Order

Plaintiff seeks clarification of the schedule in this action.  (ECF No. 283.)  As the court has recommended summary judgment be granted in this action, there are no pending deadlines other than the time for filing objections to the findings and recommendations.  Any future court dates will depend on whether the findings and recommendations are adopted or rejected.  Plaintiff will be notified of any future proceedings in this action.  The court will grant the motion to the extent that this order shall serve as clarification of the schedule in this action.

### C.  Motion for Pretrial Review

Plaintiff seeks to set this matter for hearing.  (ECF No. 290.)  However, pursuant to Local Rule 230(l) in matters where one party is incarcerated and proceeding pro se as plaintiff is in this action, all motions shall be submitted on the record without oral argument unless otherwise ordered by the court.  Additionally, as set forth above, because findings and recommendations are now pending there is no need for pretrial review at this time.  Accordingly, the court will deny plaintiff's motion for hearing.

**III.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to appoint of counsel (ECF Nos. 278, 281, 285, 287, 291) are denied.

2. Plaintiff's motion for federal investigation (ECF No. 282) is denied.

3.  Plaintiff's motion for clarification (ECF No. 283) is granted.

4.  Plaintiff's motion for hearing (ECF No. 291) is denied.

Dated:  December 30, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/gipb0556.var