UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:12-cv-0556 KJM DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights by failing to transfer him to a mental health care facility pursuant to a court order. Presently before the court is plaintiff's motion to vacate the findings and recommendations (ECF No. 295) and his motion to appoint counsel (ECF No. 297).

**I.        Motion to Vacate the Findings and Recommendations**

Plaintiff requests that the findings and recommendations be vacated pursuant to Federal Rule of Civil Procedure 59. (ECF No. 295.) On December 30, 2020 the undersigned issued findings and recommendations recommending that defendants' summary judgment motion be granted. (ECF No. 293.) The findings and recommendations are currently pending before the district judge assigned to this action. Rule 59 states that a party may move for a new trial or to alter or amend a judgment. Fed. R. Civ. P. 59. However, because judgment has not been entered, relief under Rule 59 is inapplicable. Accordingly, the undersigned finds that plaintiff's motion

1

should more properly be construed as a motion for reconsideration under Federal Rule of Civil Procedure 60.

Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiff has largely raised the same arguments in his motion to vacate that he raised in his opposition. Additionally, the district judge assigned to this action has not yet ruled on the findings and recommendations. Therefore, the court finds that plaintiff's motion to vacate is premature. Accordingly, the court will deny the motion without prejudice to its renewal after the district court has issued a ruling on the pending findings and recommendations.

**II.     Motion to Appoint Counsel**

Plaintiff has again requested the appointment of counsel. (ECF No. 297.) In support of his motion he argues that counsel should be appointed because he cannot afford to hire counsel. (Id.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

////

In the present case, the court does not find the required exceptional circumstances. Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se. Accordingly, the court will deny his motion to appoint counsel.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate (ECF No. 295) is denied without prejudice as untimely; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 297) is denied.

Dated:  January 22, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/gipb0556.31(10)